BROWN *v.* CITY OF OWOSSO.

1. MUNICIPAL CORPORATIONS—INJURY FROM DEFECTIVE SIDEWALK
   —NOTICE TO CITY—MANNER OF INJURY.

Under 1 Comp. Laws 1897, § 3173, providing that no city of the
fourth class shall be liable for injuries sustained by reason of
any defective street or sidewalk unless the person so injured
shall, within 60 days after the injury, file with the city clerk
a notice setting forth substantially, among other things, the
manner in which the injury occurred, a notice stating that
the injury was caused by falling over "a loose plank upon a
sidewalk" is sufficient, in the absence of a request for one
more specific, though a technical construction of the language
used might warrant the inference that the plank in question
was not a part of the walk on which the accident happened.

2. SAME—INTENT TO HOLD CITY LIABLE—SUBSTANTIAL ALLEGA-
   TION.

The further requirement of said section, that such notice shall
state that the person injured intends to hold the city liable
for the resulting damages, is sufficiently complied with by a
recital that such person believes that he is entitled to $5,000
for the injuries received.

3. SAME—FAILURE OF CITY TO ACT.

While a city council may be under no obligation to aid one
claiming damages for personal injuries by pointing out for
him, within the 60 days allowed for filing notice of such
claims, substantial omissions in the notice filed, it must move
seasonably if it seeks to avail itself of a merely technical
defect.

Error to Shiawassee; Smith, J. Submitted January 31,
1901. Decided February 27, 1901.

Case by Minnie Brown against the city of Owosso for
personal injuries. From a judgment for defendant on
verdict directed by the court, plaintiff brings error. Re-
versed.

*Selden S. Miner* (*Spaulding, Norton & Dooling*, of counsel), for appellant.

*Watson & Chapman*, for appellee.

Hooker, J. The plaintiff brought an action growing out of an injury received by her through a fall upon a board sidewalk in the city of Owosso. That city is incorporated under the general law; sections 3081 and 3173, 1 Comp. Laws 1897, being involved in this cause. They are as follows:

"Sec. 3081. The council shall audit and allow all accounts chargeable against the city, but no account or claim or contract shall be received for audit or allowance unless it shall be accompanied with a certificate of an officer of the corporation, or an affidavit of the person rendering it, to the effect that he verily believes that the services therein charged have been actually performed or the property delivered for the city, that the sums charged therefor are reasonable and just, and that, to the best of his knowledge and belief, no set-off exists nor payment has been made on account thereof, except such as are indorsed or referred to in such account or claim; and every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each. It shall be a sufficient defense in any court to any action or proceeding for the collection of any demand or claim against the city, for personal injuries or otherwise, that it has never been presented, certified to or verified as aforesaid, to the council for allowance."

"Sec. 3173. The council shall have supervision and control of all public highways, bridges, streets, avenues, alleys, sidewalks, and public grounds within the city, and shall cause the same to be kept in repair and free from nuisance. No city subject to the provisions of this act shall be liable in damages sustained by any person in such city either to his person or property by reason of any defective street, sidewalk, cross-walk, or public highway, or by reason of any obstruction, ice, snow, or other incumbrance upon such street, sidewalk, cross-walk, or public highway, situated in such city, unless such person shall serve or cause to be served, within sixty days after such injury shall have occurred, a notice in writing upon the clerk or the deputy clerk of such city, which notice shall

set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injury as far as the same has become known, and that the person receiving such injury intends to hold such city liable for such damages as may have been sustained by him."

The record discloses that the following notice was filed within 60 days:

"Minnie Brown, being duly sworn, deposes and says that on Sunday evening, May 29th, 1898, about the hour of nine p. m., as she was returning to her home from the Baptist church in the city of Owosso, and was passing along and was upon the sidewalk in front of lot one, block two, on Oliver street, in the city of Owosso, she was tripped up by a loose plank upon the sidewalk which passes along upon the south side of Oliver street, in the said city. By reason of being tripped up by said plank, she fell upon her right knee and right side and hip, severely injuring her knee and her ankle, and injuring her right shoulder, right arm, and her right hip, and that portion of her right side in front and above the hip joint, and injuring herself internally at and near that place. At the time she was pregnant with child, and her injuries were so great that it produced a miscarriage, and that for a long time her life was despaired of, and that she was compelled, in order to save her life, to employ two physicians and a nurse. That, although at the present time she is much improved, yet she is informed by her physicians, and so believes the truth to be, that her injuries are permanent. That said accident was caused without any negligence upon her part whatever, as she was passing along upon said sidewalk in a careful and prudent manner. That for her said injuries she believes she is entitled to the sum of five thousand dollars. She further says that said accident actually occurred as above set forth; that the sums charged therefor are reasonable and just; and that, to the best of her knowledge and belief, no set-off exists nor payment has been made on account thereof, except such as are indorsed or referred to in such account or claim.

"MINNIE BROWN.

"Subscribed and sworn to before me this 2d day of July, 1898.

"CLIFFORD H. McCURDY, Notary Public."

This notice was submitted to the common council at its next meeting, and the claim was referred to a special committee.    Early in September, 1898, the committee reported in favor of disallowing the claim, giving no reason therefor.    The 60 days had then expired.    It is alleged that on April 10, 1899, the plaintiff filed her claim with the clerk, properly sworn to, and this was referred to a committee on claims and accounts, who recommended that it be not allowed.    It was so ordered by vote of the council.

After the opening statement by plaintiff's counsel, the defendant's counsel objected to the introduction of any testimony, and this was sustained, and the court directed a verdict in favor of the defendant.    The notice appears in the declaration.    Both parties treat the case as depending upon the notice and action of the council.    Counsel for the defendant contend that the notice was insufficient, while plaintiff's counsel deny this, but allege that, if defective, the defect was. waived by the council.    The alleged flaws in the notice are:

1. That the manner in which the accident occurred is not sufficiently set forth.

2. That it does not assert an intention to hold the city liable for such damages as she sustained.

Counsel contend that the notice shows no negligence upon the part of the city, and that it does not state that the walk was defective, or that one of its boards was loose, but that she was injured by falling over a loose plank lying upon the sidewalk.    We think this a technically correct construction of the language, though most people would understand that the words "loose plank" referred to a plank of the walk which had become loosened.    Had the words been transposed, so as to state that she had been tripped upon the sidewalk by a loose plank, it would have been a more definite statement, though even that would not have excluded the inference that the plank might have been one that was not at any time a part of the walk.    This notice is not a pleading, and we are of the opinion that the requirement should

not receive so strict a construction as to make it difficult for the average citizen to draw a good notice, especially in view of the evident intention that a substantial statement should be sufficient, and the serious consequences of reliance upon a defective notice until after the expiration of the 60-day period.

Again, her statement that she believed herself entitled to $5,000 therefor was not the language used by the statute, but the only inference from the filing of this notice was that she was setting up a claim for $5,000 against the city based upon an injury caused by her falling over a loose board in its sidewalk. No doubt every councilman so understood it, and that would be sufficient were the paper a notice of a defense accompanying a plea. We are not prepared to say that the council might not have required a more specific notice before taking action, but it. did not.

It was forcibly urged that the council was under no obligation to consider the question until a proper notice was filed, and that it was not incumbent upon it to point out defects. It may be that a notice that does not contain substantial averments in compliance with the statute, as where some statement was wholly wanting, would not impose any duty upon the council to consider it, and might justify it in simply disallowing the claim at its convenience. We do not pass upon that question, but we think where, as in this case, the notice is sufficiently specific to contain a reasonably definite statement of time, place, manner, and extent of the accident to apprise the council of the main facts, and that the injured person is entitled to specific damages by reason thereof, it is sufficient to set the council in motion, and relieve the plaintiff from the charge of noncompliance with the law as to notice. The cases cited are, as counsel claim, somewhat different from this, but there is a tendency shown to treat a notice as sufficient, though it be [not technically accurate when measured by the statute strictly construed. Thus, in *Germaine* v. *City of Muskegon*, 105 Mich. 216

(63 N. W. 78), the plain intimation is given that, to avail itself of such an objection, the disallowance should have been based upon that defect. Inferentially, at least, it would seem to imply that this must be done seasonably, so as to permit a new notice, if possible. Any other inference would involve the conclusion that, after the expiration of the 60-day period, the rights of the city would depend upon the manner of stating its disallowance of a claim for a liability that had ceased to exist, if it had ever existed.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.