WILTON v. CITY OF FLINT.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NOTICE OF
CLAIM FOR INJURY—SUFFICIENCY.

　　Notice to a city of a claim for injuries caused by a defective
sidewalk, setting up the place of the accident as on the north
side of C. street, in front of the lot on which is located resi-
dence No. 326, is sufficiently specific.

2. SAME—SUFFICIENCY OF DECLARATION.

　　A declaration for injuries caused by a defective sidewalk,
averring that the walk was originally constructed of cement,
which had been taken up, leaving a depression of from four
to six inches, in which planks were laid lengthwise, which
planks were old and warped, their ends flaring up from two
to three inches; and describing with particularity the manner
of the injury,—sufficiently apprises defendant of plaintiff's
claim.

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

　　Where plaintiff was injured by falling on a defective sidewalk
while "trotting along" in the dark with his hands in his
overcoat pockets, the walk being covered with snow, but he
having no knowledge of its defective condition, the question
of his contributory negligence was for the jury.

4. PERSONAL INJURIES—DAMAGES—INSTRUCTIONS.

　　A statement by the court in his charge to the jury in a personal-
injury case, that a person injured "can have but one right
of action; when he comes before a jury once, that is the end
of his case," made in explanation of an instruction that
plaintiff, if entitled to recover, should be allowed for his past,
present, and future damages, is not reversible error.

Error to Genesee; Wisner, J. Submitted June 7, 1901.
Decided July 19, 1901.

Case by Herbert Wilton against the city of Flint for
personal injuries. From a judgment for plaintiff, defend-
ant brings error. Affirmed.

*Daniel Heims (Ed. S. Lee,* of counsel), for appellant.
*Black & Brown,* for appellee.

LONG, J. This action was brought to recover damages for injuries received March 18, 1899, on a claimed defective sidewalk. Plaintiff filed a claim with the common council of the city on April 5, 1899, in which he set forth his injuries. This claim was disallowed, and on May 25, 1899, the present suit was commenced.

At the commencement of the trial before the jury, defendant objected to any testimony being given, for the reason that there was no claim filed with the council in conformity to the provisions of the charter; that neither the claim, the affidavit attached thereto, nor the declaration gave the defendant any notice of the particular place on the sidewalk where the injury occurred; that defendant did not have notice of the particular defect. The court stated to counsel:

" I think that the paper shown me, which I understand is the one that is offered in evidence, is a sufficient compliance with section 42 of the charter, and I therefore overrule the objection so far as that is concerned."

The notice referred to states:

"I hereby notify you that I have sustained injuries, and have a claim against the city of Flint for such injuries, received on the 18th day of March, A. D. 1899, on a defective sidewalk on the north side of Court street, in front of the residence of Dr. Rice, or nearly in front of the same, the place where such injury occurred being in front of the lot on which said residence is located, said residence being No. 326 West Court street, in the Third ward of the city of Flint."

The notice gives the time of day when the injury occurred, and then states:

"My left foot struck against some plank or obstruction on said walk, and I was thrown with great violence upon said walk, by reason of which I was unable to rise from the place where I had fallen. * * * That said walk was out of repair, and was notoriously unsafe for travel. * * * That by reason of said fall I was severely wrenched, strained, and bruised. My right hip bone, as I am informed, was broken and dislocated from its socket. That I have sustained severe and painful injuries to the

spinal cord, * * * have lost the use and control of my lower limbs, and have become helpless. * * * That I claim damages from the city of Flint to the amount of $30,000, and have appointed Black & Brown, of Patterson Building, Flint, to represent me and act as my attorneys in all matters pertaining to this claim."

This claim was sworn to by plaintiff, and duly served on the common council of the city.

Section 42 of the charter (Act No. 400, Local Acts ·1897), referred to by the court below, provides:

"It shall be a sufficient defense in any court to any action or proceeding for the collection of any demand or claim against the city, for personal injuries or otherwise, that it has never been presented to the council for allowance," etc.

This provision, when wholly set out, is almost identical with the provisions of the charter of the city of Owosso, referred to in *Brown* v. *City of Owosso*, 126 Mich. 91 (85 N. W. 256); and a fuller and more specific description of the place of the injury is set out in the notice in the present case than was there set out. It was held in that case that the notice was sufficiently specific to apprise the council of the claim made. We think the notice in the present case sufficient.

The declaration charges that the walk was originally constructed and built as a cement walk, and had been taken up in the fall of 1898, leaving a depression in the walk of from four to six inches below the surface of the adjoining lot; that planks from four to six inches wide had been placed on each side of such depression in said walk; that said planks were old, warped, and dished in shape, turning up at the ends, and were disconnected at the end of each plank; that some of the ends of the planks as thus placed flared upwards, and arose above the level of said depression from two to three inches, causing the same to be unsafe. The third count describes the manner of the injury with particularity. We think the declaration sufficiently apprised the defendant of plaintiff's

claim, and that the court was not in error in overruling the motion. The cause was fully tried before the jury, who returned a verdict in favor of plaintiff for $5,000.

It is contended that, under the plaintiff's own testimony, he was not entitled to recover. He testified, substantially, that he had lived in Flint over 20 years; that he was 65 years of age, but well and strong before the injury; that he left home on the morning of the injury about 5 or half past 5 o'clock; that it was dark, but there was some snow on the ground; that he was trotting along; that it was slushy and raining a little; that he had on a fur coat, and both hands in his breast pockets, way up high; that he kicked his foot, but did not fall from that, but partly recovered himself, and, if he had had a good place to step, could have done so, but his foot went through the walk or down between the boards. The witness continued:

"I don't know which one. I don't know which way I fell, I fell so quick. I was walking quick. I don't know whether I fell forwards or backwards or sideways, but I had both hands in my pockets, and when I went to pick myself up I was lying up by the walk."

We think it cannot be said that the court should have directed the verdict in favor of the defendant. It was a question for the jury to determine whether the plaintiff was guilty of contributory negligence in passing along this walk in the manner he did. It appears the plaintiff was not aware of the condition of the walk at that place at that time.

It is contended that the court was in error in instructing the jury as follows:

"A person who receives an injury can have but one right of action; when he comes before a jury once, that is the end of his case; and therefore, if he is entitled to recover at all, he is entitled to recover for the injuries he has received in the past, that which he endures at present, and that which he is likely to endure in the future, so far as they are covered by the declaration."

It is claimed that this charge was misleading, as it

would lead the jury to believe that, unless a judgment was rendered in plaintiff's favor, his right of action would cease. The proofs show that the plaintiff was severely injured, and that he was still suffering from such injuries. We think the court was not in error in this charge.

We have examined all the claimed errors, and find no error in the case. The judgment must be affirmed.

The other Justices concurred.