KNUDSEN *v.* CITY OF MUSKEGON.

1. MUNICIPAL CORPORATIONS — PLEADING — AMENDMENT — NEW CAUSE OF ACTION.

A declaration which charges negligence on the part of a municipal corporation, in leaving an uncovered water meter box in the street, causing plaintiff to fall, and which omitted to charge a specific duty of the defendant, is subject to amendment setting forth the duty relied on as a common-law duty, and such amendment 'does not state a new cause of action, where the count amended charged no statutory duty and referred to the street as incident to the location of the meter box.

2. SAME—NOTICE OF CLAIM—NEGLIGENCE.

The notice to a municipal corporation is not a pleading, and need not charge negligence.

3. PRACTICE—ELECTION BETWEEN COUNTS.

Counts are not so inconsistent as to require an election between them on the trial, where one count charged that the meter box was uncovered, and the other that it was improperly covered with loose boards.

4. DAMAGES—PAIN AND SUFFERING—FUTURE OPERATIONS.

Evidence that the physical condition of plaintiff would probably require future operations, warrants the court in submitting to the jury the probable future physical sufferings therefrom as an element of damages.

Error to Muskegon; Sessions, J. Submitted May 5, 1909. (Docket No. 81.) Decided September 21, 1909.

Case by John A. Knudsen against the city of Muskegon for personal injuries. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*James E. Sullivan,* for appellant.

*William Carpenter,* for appellee.

McALVAY, J. Plaintiff recovered against defendant damages for personal injuries caused by falling into an

uncovered opening which contained a city water meter on Prospect street, in said city. This street runs nearly north and south. Plaintiff lives on the west side of this street. The meter box into which he fell is diagonally across the street, about 66 feet farther south. The city operates its waterworks, selling water to private citizens, and puts in cement meter boxes in which are located the water meters, which belong to the city and are under its control. This box was within two feet of the cement sidewalk, and about in line with the shade trees in the parking between the sidewalk and the curb. It was 5 feet and 8 inches in depth, and 20 inches square. It was completed by the city employés June 10, 1907.

At about 9 o'clock in the evening of July 30, 1907, plaintiff crossed this street to go to a house farther south and beyond the Jensen property, which he passed on his way. He returned in 10 minutes. He knew that there was a pile of lumber in the street before the lot where Jensen had been building, but did not know about the meter box, or any hole in the ground. On his return home, when passing Jensen's house, he saw a light in his own house, and started to cross the street. It was too dark to see where he was stepping, and the second step from the sidewalk he fell into this meter box and was injured. The box was not covered at the time. Of the errors relied upon, alleged to have been committed during the course of the proceedings, and upon which a reversal of the judgment is asked, defendant first discusses the amendments to the declaration allowed by the court.

When the case was first brought on for trial, and the court was about to direct a verdict for defendant, it is stated in both briefs that, upon application of plaintiff, he was allowed to amend his declaration, and the case was continued. Under such permission two counts were added to the declaration. Defendant has in proper form raised the question whether plaintiff can recover upon the amended declaration; it being claimed that a new cause of action has been alleged. The declaration upon which

the case was first tried consisted of two counts. The first count alleged that this street was, at the time of the injury, and for many years had been, a street open for public travel and under the care and control of defendant, and charging a duty to keep the same in reasonable repair and in a condition reasonably safe and fit for travel, etc., alleging the construction of this meter box and leaving it uncovered, and charging that it was negligent in so doing, and in not keeping the street in the required safe condition, etc. The second count set forth that this was done by defendant, duly authorized and engaged in selling and furnishing water to its citizens, and the placing of the meter box—

" Constructed in a public street in said city open and used for public travel which defendant negligently left uncovered, * * * and thereby put the said street in a dangerous condition and unsafe for public travel during all that time, into which plaintiff fell," etc.

In this count no duty is charged. The third count, added by amendment, differed from the first only in that it charged that the opening was negligently and carelessly left with insecure and improper covering. The fourth count, also added by amendment, is substantially the same as the second, except as to the negligent covering, which is alleged the same as in the third count, and it omits the words above quoted:   ·

"And thereby put the said street in a dangerous condition and unsafe for public travel all that time."   ·

Defendant contends that the first, second, and third counts are all based upon the statutory right to recover damages for personal injuries upon a highway in Michigan caused by negligence of the municipality; that the fourth count charges a new substantive cause of action, charging and setting forth an action for common-law negligence. We do not agree with the defendant that the second count charges negligence under the statute. Although it is set forth that the condition permitted by defendant was in a public traveled street, and put the

street in a dangerous condition and unsafe for travel, it is evident that such statements are incidents of location and condition, and the count as a whole would not be sufficient for a recovery under the statute by reason of the omission of material allegations of duty imposed or neglected. Defendant has presented this question learnedly and at length in its brief. It will not be necessary further to consider it or discuss cases cited on either side. The trial court denied a recovery on the first and third counts, and submitted the case upon the second count as amended by the fourth. The court was not in error in allowing the amendments objected to. We are not called upon to say that a recovery could not have been had under the first and third counts, under the facts claimed by plaintiff, and express no opinion upon that question.

Objection was made that the claim as presented to the council was not sufficient, in that it did not comply with the requirements of the city charter, which provides that—

" No claim against said city for damage growing out of the negligence or default of said city, or of any officer or employé thereof, shall be audited or allowed, unless it shall be accompanied with an affidavit of the person sustaining such damages, stating the time and place at which, and the cause and manner of sustaining such damage, and the facts connected therewith." Act No. 344, Local Acts 1901, tit. 7, § 20.

The notice in question, filed in due time, detailed with particularity the time, place, and manner of the injury, and upon the question of cause stated that this opening, describing it and its purpose, was left uncovered; that he did not see it in the nighttime, and did not know it was there. The court held the notice sufficient. The objection is that the notice states no negligence on the part of the city. It is not intended that this notice should charge negligence specifically. This court has said: "This notice is not a pleading," and in several cases has held notices good which were less specific than the one in this case.

*Brown* v. *City of Owosso,* 126 Mich. 91 (85 N. W. 256); *Wheeler* v. *City of Detroit,* 127 Mich. 329 (86 N. W. 822); *Wilton* v. *City of Flint,* 128 Mich. 156 (87 N. W. 86). The notice was sufficient.

An examination of the record relative to alleged misconduct of counsel for plaintiff during the trial discloses no conduct which warrants the criticism made by counsel for defendant, or which was prejudicial to defendant.

Error is assigned upon the refusal of the court to require plaintiff to elect upon which of the counts that were allowed to stand in the case he would proceed, on the ground that these two counts were inconsistent. We have already stated that the second count was not on the statute charging that the city did not keep its streets in reasonable repair and fit for public travel. Defendant claims that, even if this is so, the charges of negligence in the second and fourth counts are contradictory. This is based upon the fact that one charges that the meter box was not covered and was left uncovered until the accident, and the other (which is an amendment) charges negligence, in that the defendant failed to properly cover the meter box, placing over it loose boards, etc. The counts were not inconsistent.

The final error assigned is upon the following charge of the court on the question of damages:

"He will be entitled to receive compensation for his physical sufferings in the past and for such as will result in the future from his known physical condition due to his injury and from operations for his relief."

This charge, under the evidence in the case, was within the decisions of this court. *Beattie* v. *City of Detroit,* 137 Mich. 319 (100 N. W. 574), and cases cited.

The judgment will be affirmed.

BLAIR, C. J., and MONTGOMERY, HOOKER, and BROOKE, JJ., concurred.