ROBERTS v MECOSTA COUNTY GENERAL HOSPITAL

Docket No. 212675. Submitted January 4, 2000, at Grand Rapids. Decided
    March 3, 2000, at 9:30 A.M. Leave to appeal sought.

    Lisa Roberts brought an action in the Mecosta Circuit Court against
    Mecosta County General Hospital and others, alleging medical mal-
    practice. The court, Lawrence C. Root, J., granted summary dispo-
    sition for the defendants on the ground that the plaintiff had served
    on the defendants statutory notices of intent to bring a medical
    malpractice claim that were deficient because they contained mini-
    mal information. The plaintiff appealed.

    The Court of Appeals *held*:

    The purpose of the notice of intent required by MCL
    600.2912b(1); MSA 27A.2912(2)(1) is to encourage the settlement of
    a medical malpractice claim during the period between the filing of
    the notice and the filing of the medical malpractice complaint. Any
    claims of deficiencies in the notice must be raised before the com-
    plaint is filed, not after. Summary disposition is inappropriate if, as
    in this case, it is based on an alleged defect in the notice of intent
    that is not raised by the defendant before the filing of the
    complaint.

    Reversed and remanded for further proceedings.

NEGLIGENCE — MEDICAL MALPRACTICE — NOTICES OF INTENT.

    A medical malpractice defendant's objections regarding the suffi-
    ciency of the plaintiff's statutory notice of intent to bring an action
    must be raised before the filing of the complaint, not after; a medi-
    cal malpractice claim that is covered by a notice of intent cannot
    be dismissed on the basis that the notice was deficient where
    objections to the notice were not raised before the filing of the
    complaint (MCL 600.2912b; MSA 27A.2912[2]).

*Granzotto & Nicita, P.C.* (by *Angela J. Nicita*) and
*Gary E. Levitt,* for Lisa Roberts.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander
Ploeg*), for Mecosta County General Hospital.

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Kerr L. Moyer*), for Gail A. DesNoyers, M.D., and Barb Davis.

*Burnheimer & Company, P.C.* (by *Mark A. Burnheimer*), for Michael L. Atkins, M.D.
Amicus Curiae:

*Ford & Kobayashi, P.C.* (by *James B. Ford*), for Michigan Trial Lawyers Association.

Before: SAWYER, P.J., and GRIBBS and MCDONALD, JJ.

SAWYER, P.J. The trial court granted defendants' motions for summary disposition on plaintiff's claims of medical malpractice on the basis of defendants' claims of deficiencies in plaintiff's notice of intent. Plaintiff appeals and we reverse and remand.

This case involves plaintiff's allegations of medical malpractice against defendants for their alleged failure to properly diagnose an ectopic pregnancy. Plaintiff alleges that the misdiagnoses caused her to lose her remaining fallopian tube.

At issue is whether plaintiff adequately complied with the statutory requirement of filing a notice of intent before a complaint is filed. MCL 600.2912b(1); MSA 27A.2912(2)(1). Section 2912b states, in pertinent part:

> (1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

*       *       *

(4) The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:

(a) The factual basis for the claim.

(b) The applicable standard of practice or care alleged by the claimant.

(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.

(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.

(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

(f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.

In addition, subsection 8 allows for a reduction in the waiting period to 154 days if the claimant does not receive a written response within 154 days of filing its notice of intent. MCL 600.2912b(8); MSA 27A.2912(2)(8).

Plaintiff's amended notice of intent was served on defendant hospital on or about September 19, 1996, and stated in pertinent part:

1. FACTUAL BASIS FOR CLAIM

This is a claim for negligence which occurred on October 4, 1994, at Mecosta County General Hospital. It is claimed that on said date while pregnant with her first child, Claimant presented herself to Mecosta County General Hospital complaining of severe pain. At that time a diagnosis of a spontaneous abortion was made and a D and C was performed. Claimant was sent home at that time.

Over the course of the next few days Claimant continued to experience pain and cramping and, on October 7, 1994,

was again seen at Mecosta County General Hospital. Claimant was told that the pain she was experiencing was cramps from the D and C she had done and was sent home.

Claimant returned to the hospital on October 8, 1994, wherein it was discovered that Claimant had not had a spontaneous abortion but had an ectopic pregnancy in her left tube which had burst. Emergency surgery was performed at that time and her left tube was removed.

Claimant had her right tube removed approximately ten years ago and, as a result of the negligence set forth above, she is now unable to have children.

2. The applicable standard of practice or care alleged

Claimant contends that the applicable standard of care required that Mecosta County General Hospital provide the claimant with the services of competent, qualified and licensed staff of physicians, residents, interns, nurses and other employees to properly care for her, render competent advice and assistance in the care and treatment of her case and to render same in accordance with the applicable standard of care.

3. The manner in which it is contended that the applicable standard of care was breached

See paragraph 2 above.

4. The action that should have been taken to achieve compliance with the standard of practice or care

See paragraph 2 above.

5. The manner in which the breach was the proximate cause of claimed injury

See paragraph 2 above.

6. Names of health professionals, entities, and facilities notified

Mecosta County General Hospital and all agents and employees, actual or ostensible, thereof

On September 23, 1996, a notice of intent was mailed to the remaining defendants. This notice of intent stated in pertinent part:

1. Factual basis for claim.

This is a claim for negligence which occurred on October 4, 1994, at Obstetrics & Gynecology of Big Rapids. It is claimed that on said date, while pregnant with her first child, Claimant presented herself to Barb Davis, PAC, Dr. Michael Atkins, and Dr. Gail DesNoyers complaining of severe abdominal pain and bleeding. At that time a diagnosis of a spontaneous abortion was made and a D & C was performed at Mecosta County General Hospital. Claimant was sent home at that time, despite Dr. DesNoyer's [sic] knowledge of Claimant's history of a prior ectopic pregnancy.

Over the course of the next few days, Claimant continued to experience pain and cramping and, on October 7, 1994, was seen at Mecosta County General Hospital by Dr. Michael Atkins. Claimant was told that the pain she was experiencing was cramps from the D & C she had done and was sent home.

Claimant returned to the hospital on October 8, 1994, wherein it was discovered that Claimant had not had a spontaneous abortion but had an ectopic pregnancy in her left tube which had burst. Emergency surgery was performed at that time and her left tube was removed.

Claimant had her right tube removed approximately ten years ago and, as a result of the negligence set forth above, she is now unable to have any children.

2. THE APPLICABLE STANDARD OF PRACTICE OR CARE ALLEGED

Claimant contends that the applicable standard of care required that Obstetrics & Gynecology of Big Rapids, Dr. Gail DesNoyers and Barb Davis, PAC, provide the Claimant with the services of competent, qualified and licensed staff of physicians, residents, interns, nurses and other employees to properly care for her, render competent advice and assistance in the care and treatment of her case and to render same in accordance with the applicable standard of care.

3. THE MANNER IN WHICH IT IS CONTENDED THAT THE APPLICABLE STANDARD OF PRACTICE OR CARE WAS BREACHED

Claimant claims that Obstetrics & Gynecology of Big Rapids, Dr. Gail DesNoyers and Barb Davis, PAC, failed to

provide her with the applicable standard of practice and care outlined in paragraph 2 above.

4. THE ACTION THAT SHOULD HAVE BEEN TAKEN TO ACHIEVE COMPLIANCE WITH THE STANDARD OF PRACTICE OR CARE

See paragraph 2 above.

5. THE MANNER IN WHICH THE BREACH WAS THE PROXIMATE CAUSE OF CLAIMED INJURY

See paragraph 2 above.

6. NAMES OF HEALTH PROFESSIONALS, ENTITIES, AND FACILITIES NOTIFIED

OBSTETRICS & GYNECOLOGY OF BIG RAPIDS, GAIL DESNOYERS, M.D., MICHAEL ATKINS, M.D., BARB DAVIS, PAC, AND ALL AGENTS AND EMPLOYEES, ACTUAL OR OSTENSIBLE, THEREOF.

As stated above, plaintiff filed a complaint against each defendant after waiting the requisite number of days following the filing of the notice of intent. Defendants Atkins and hospital moved for summary disposition based on plaintiff's failure to file a sufficient notice of intent for a medical malpractice claim under § 2912b. Under MCL 600.5856(d); MSA 27A.5856(d), the statute of limitations is tolled if

> during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.

The trial court ruled during oral argument that the notices of intent failed to contain the minimum information required to comply with § 2912b. Specifically, the trial court found that (i) the applicable standard of care was only generally stated and failed to directly address the standard of care applicable to defendant Atkins, (ii) incorporating paragraphs 1 and 2 failed to establish breach of a standard of care with

respect to defendant hospital, (iii) paragraph 4 insufficiently states what action should have been taken by defendants, and (iv) the paragraphs seem merely to indicate a "bad result," and failed to allege the proximate cause of the result. The trial court held that because the notices of intent were defective, the statute of limitations was not tolled by the statute. Therefore, the trial court granted summary disposition to defendants Atkins and hospital. The remaining defendants moved for summary disposition on the same grounds, which the trial court ultimately granted.

On appeal, plaintiff raises a number of challenges to the trial court's ruling, one of which is dispositive. Plaintiff's first argument is that defendants waived any alleged deficiencies in the notice of intent by failing to complain about any such deficiencies within the waiting period from the filing of the notice of intent until the filing of the complaint. We agree.

Although we are not aware of any cases that are controlling on this point, plaintiff does direct our attention to some cases that are instructive. First, the Supreme Court, in *Brown v Owosso*, 126 Mich 91, 94-96; 85 NW 256 (1901), considered the adequacy of a notice of injury due to a defective sidewalk. Under the statute involved, the plaintiff was obligated to serve a notice on the city within sixty days of the injury setting the manner of the accident and that the claimant intended to sue the city for damages. The defendant maintained that the notice was defective and the plaintiff argued that any defects in the notice were waived by the city. The Supreme Court agreed with the plaintiff:

This notice is not a pleading, and we are of the opinion that the requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice, especially in view of the evident intention that a substantial statement should be sufficient, and the serious consequences of reliance upon a defective notice until after the expiration of the 60-day period.

Again, her [the plaintiff's] statement that she believed herself entitled to $5,000 therefor was not the language used by the statute, but the only inference from the filing of this notice was that she was setting up a claim for $5,000 against the city based upon an injury caused by her falling over a loose board in its sidewalk. No doubt every councilman so understood it, and that would be sufficient were the paper a notice of a defense accompanying a plea. We are not prepared to say that the council might not have required a more specific notice before taking action, but it did not.

It was forcibly urged that the council was under no obligation to consider the question until a proper notice was filed, and that it was not incumbent upon it to point out defects. It may be that a notice that does not contain substantial averments in compliance with the statute, as where some statement was wholly wanting, would not impose any duty upon the council to consider it, and might justify it in simply disallowing the claim at its convenience. We do not pass upon that question, but we think where, as in this case, the notice is sufficiently specific to contain a reasonably definite statement of time, place, manner, and extent of the accident to apprise the council of the main facts, and that the injured person is entitled to specific damages by reason thereof, it is sufficient to set the council in motion, and relieve the plaintiff from the charge of noncompliance with the law as to notice. The cases cited are, as counsel claim, somewhat different from this, but there is a tendency· shown to treat a notice as sufficient, though it be not technically accurate when measured by the statute strictly construed. Thus, in *Germaine v City of Muskegon,* 105 Mich 216; 63 NY 78 (1895), the plain intimation is given that, to avail itself of such an objection, the disallowance should

have been based upon that defect. Inferentially, at least, it would seem to imply that this must be done seasonably, so as to permit a new notice, if possible. Any other inference would involve the conclusion that, after the expiration of the 60-day period, the rights of the city would depend upon the manner of stating its disallowance of a claim for a liability that had ceased to exist, if it had ever existed. [126 Mich 94-96.]

In short, in *Brown*, the Supreme Court did not allow the city to escape liability merely by waiting until the end of the sixty-day notice requirement and then rejecting the claim on the basis of the inadequacy of the notice.

A similar point was made by this Court in *Dozier v State Farm Mut Automobile Ins Co*, 95 Mich App 121, 130; 290 NW2d 408 (1980). At issue in *Dozier* was whether a notice of claim to the insurer was adequate. In short, the defendant claimed that the notice was inadequate and, as a result, the subsequent suit was filed too late. If the notice were adequate, the suit would have been timely. This Court rejected the defendant's position, noting that the defendant had not objected at the time to the adequacy of the notice:

Nevertheless, in view of the defendant's acknowledgment of plaintiffs' letter (rather than denial of liability or a request for additional information) and its adjuster's request to "forward all specials you have in your file regarding this loss" we are persuaded that defendant waives its right to assert the insufficiency of the notice. Since the notice provision is for the protection of the insurer, *Exo v Detroit Automobile Inter-Insurance Exchange*, 259 Mich 578; 244 NW 241 (1932), it follows that the insurer can waive the adequacy of the notice. *Pastucha v Ross*, 290 Mich 1; 287 NW 355 (1939), see Anno: *Liability insurance: clause with respect to notice of accident or claim, etc., or with respect*

*to forwarding suit papers*, 28 ALR2d 443, 487. [95 Mich App 130.]

We believe that a similar principle should apply to the case at bar. Plaintiff did, in fact, give a notice to defendants. Without delving into the adequacy of that notice, it did inform defendants that plaintiff claimed negligent treatment by defendants from which plaintiff suffered injury. Defendants believe, and the trial court agreed, that that notice was inadequate in a number of respects.

However, defendants did not raise those objections until after suit was filed and, more importantly, after the period of limitation had run and plaintiff was no longer in a position to be able to file a new notice of intent and commence a new suit. In short, defendants sandbagged, harboring the alleged error until plaintiff could no longer correct it and the only available remedy would be dismissal with prejudice. This Court cannot condone such conduct.

As this Court noted in *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 715; 575 NW2d 68 (1997), the purpose behind subsection 2912b(1) is to encourage settlement without the need for formal litigation. This purpose cannot be served if defendants are permitted to sit on alleged deficiencies in the notice of intent until after suit has been filed. If the purpose of the notice requirement is to encourage settlement of legitimate claims before litigation is commenced, then any claims of deficiencies in the notice need to be raised before the complaint is filed, not after.

In other words, either the notice of intent is sufficient to allow a defendant to engage in meaningful settlement negotiations or it is not. If the notice is sufficient to allow settlement discussions to proceed,

then the statute has been complied with because the purpose of the statute has been met. On the other hand, if the notice is insufficient, then meaningful settlement negotiations have been impeded. Thus, the defendant needs to object to the sufficiency of the notice so that the purpose of the statute, meaningful settlement negotiations before litigation, can be met.

To accept defendants' position would be to hold that the purpose of the statute is not to promote settlement, but to give defendants a procedural loophole to avoid claims regardless of merit. We cannot accept that that was the intent of the Legislature in crafting subsection 2912b(1).

The ultimate goal of the courts is to ensure the just, speedy, and economical administration of justice. See MCR 1.105. To accept defendants' position would not advance the just, speedy, or economical administration of justice. Defendants' maneuver prolongs a case: instead of promoting a prelitigation settlement, it ensures that no such settlement will be reached and that a suit must be filed so that the defendants may now raise their objections to the notice after the period of limitation has expired. Certainly such a procedure is not economical, either to the courts or to the parties: a prelitigation settlement is certainly more cost effective than requiring the filing of suit and court proceedings at least through the summary disposition phase. And we certainly cannot call it a just determination of an action to allow the defendants to wait until the plaintiff can no longer cure a defect in a notice to raise objections to that notice.

Accordingly, we hold that any objections to a notice of intent under subsection 2912b(1) must be raised before the filing of the complaint. Summary

disposition based on any alleged defect in the notice of intent not raised by the defendant before the filing of the complaint is not appropriate.[1] In other words, if the defendant does not object to the notice before litigation is filed, then the notice must have been adequate to guide the defendant through the precomplaint investigation and negotiation stage. In such case, there is no reason for the trial court to inquire into the adequacy of the notice after the complaint is filed.

Defendants object that our holding would serve to give a plaintiff a motivation to serve a flimsy notice of intent and wait to file his complaint. We fail to see how such a motivation would be created. A flimsy notice would merely prompt the defendant to respond with an objection and if the plaintiff failed to redraft the notice, he would face the possibility of summary disposition after the complaint is filed. This issue of the trial court's authority regarding claims not covered by the notice of intent is not before us.[2] We are merely holding that a claim that is covered by a notice of intent cannot be dismissed on the basis of an argument that the notice was deficient where those objections were not raised by the defendant

---

[1] We are not precluding a defendant from moving for summary disposition based on objections that were raised before the complaint was filed. Obviously, if the defendant does serve such an objection on the plaintiff and the plaintiff chooses to take the position that his notice of intent is adequate, the plaintiff runs the risk the trial court will disagree and grant the defendant summary disposition.

[2] For example, in the case at bar the notices of intent filed by plaintiff allege negligence in her treatment by defendants in October 1994 for an ectopic pregnancy. Nothing in our opinion in this case would, for example, preclude the trial court from dismissing a claim of misdiagnosis of ovarian cancer in 1995, a subject not even remotely included in the notices of intent in this case.

before the filing of the complaint. If such procedures are followed, there should be no motivation for a plaintiff to file an unduly vague notice of intent, nor, more to the point of this case, will there be a motivation for the defendant to reserve his objections to the notice until after the complaint is filed.

Finally, we note that the various defendants also present arguments based on the nature of the responses to the notice of intent. Each of the defendants' responses fall into one of three categories: (1) no response at all, (2) a response that raised no objection and did not reserve the right to object, and (3) a response that raised no objection, but explicitly reserved the right to object. We see no need to distinguish between these types of responses. We are not dealing with a case where one of the defendants tried to raise an objection before the complaint was filed, but after it had previously made a response that did not raise an objection or reserve the right to do so. Rather, the issue before us is whether it is too late to raise an objection after the complaint is filed. We hold that it is. We leave it to another case to decide whether an objection must be filed in the first response, or whether a party must reserve the right to object to the notice in its initial response.

For the above reasons, we hold that the trial court erred in granting summary disposition in favor of defendants.

In light of our disposition of the above issue, we need not address the other issues raised by plaintiff.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.