Kelly, J.
(dissenting). The majority implies that a statute must explicitly permit waiver before the waiver doctrine can operate to excuse noncompliance. Moreover, the majority seems to confuse the concept of an affirmative representation indicating waiver and an explicit statement of waiver. It seems to regard the latter as necessary in this case, but provides no authority to support that assumption. I disagree with the majority’s analysis and would affirm *72 the Court of Appeals application of the doctrine of waiver in this case.[1]
I would not, and do not, infer waiver from mere silence. Moreover, I do not believe that either MCL 600.2912b or MCL 600.5856(d) supports a requirement that a defendant object to alleged deficiencies in a notice of intent before the complaint is filed. Therefore, I agree with the majority’s conclusion that there is no duty to challenge deficiencies before the complaint is filed.
Generally, I agree that, to begin the tolling of the MCL 600.5856(d) statute of limitations, a plaintiff must fully comply with the requirements of MCL 600.2912b. Compliance with the delivery provision of the notice statute alone is insufficient. However, I would hold that a prospective defendant can waive the specific content requirements for the notice of intent by an affirmative action.
The majority neglects to consider an important fact in this case. Representatives of defendants’ insurance companies corresponded with plaintiff’s counsel without complaining that there were inadequacies in the *73 notice of intent.[2] A review of the parties’ numerous written communications reveals that plaintiff cooperated with defendants’ requests for medical records and other personal information related to plaintiff’s claim. I believe that these communications from defendants reasonably led plaintiff to believe that her notice was sufficient, thereby waiving any objections related to the adequacy of the notice.
The majority also confuses the issue by focusing on the tolling provision, MCL 600.5856(d). In order for these defendants to maintain a statute of limitations claim, they had to challenge the sufficiency of plaintiff’s notice of intent. Thus, the disposition of this case turns on an analysis of the requirements of MCL 600.2912b, including whether defendants waived any challenge related to those requirements.
Defendants advance no authority in support of their contention that the doctrine of waiver cannot be applied to a statutory provision that does not explic *74 itly include the possibility of waiver. Nor does the majority cite such authority.[3] The majority relies only on the “mandatory” nature of the notice provision and the proposition that an unambiguous statute requires full compliance.[4] However, I believe that the mandatory nature of the notice statute is not dispositive here, where it is undisputed that defendants had actual notice of plaintiffs intent to file suit.
Waiver is an equitable doctrine, applied judicially to avoid injustice. 28 Am Jur 2d, Estoppel and Waiver, § 197. As is true with the doctrine of equitable estoppel, the possibility of waiver need not be set forth in the language of a statute.[5] Where a defendant makes affirmative representations implying that he has no *75 objections to the content of a notice, we may, as a matter of equity, find his later objections waived.[6]
The defendants in this case made affirmative representations that reasonably led plaintiff to believe that her notice of intent was adequate. In so doing, defendants encouraged plaintiff to rely on the 182-day tolling period initiated by that notice. When plaintiff filed her complaint well within the extended limitation period,[7] defendants cannot be permitted to object on statute of limitations grounds and the requirements of the notice provision. The defense was affirmatively waived by defendants’ actions.
Presumably, plaintiff could have filed her malpractice claim within the statutory period of limitation but for the statutory requirement that she provide a notice of intent to file her claim. After doing so, and particularly after receiving communications from defendants’ agents because of that notice, she had every reason to believe that the notice triggered the tolling provision of MCL 600.5856(d). The requirements of MCL 600.2912b are vague. Neither the statute nor related case law provides any guidance about *76 the quantity of detail a potential plaintiff must furnish regarding the malpractice claim.[8]
The majority also implies that a challenge on the basis of the statute of limitations cannot be waived before the filing of suit. Again, I disagree. Where parties are engaged in settlement negotiations, for example, a potential defendant might agree to waive a statute of limitations defense to continue negotiations and avoid a claim being filed. See, e.g., Wickings v Arctic Enterprises, Inc, 244 Mich App 125, 148-150; 624 NW2d 197 (2000).[9] Should settlement negotiations fail, the affirmative representation that the defendant waived a statute of limitations defense would bar any objection when the plaintiff filed a claim outside the statutory period. Similarly, defendants’ communications to plaintiff here should operate to waive the statute of limitations defense.
The effect of today’s decision is to shorten the statutory period of limitation for a medical malpractice claim by more than half a year. A potential plaintiff would be well advised to file a notice of intent at least 182 days before the period expires. There is now no telling whether a notice will be deemed sufficient to trigger the tolling provision. In fact, even the plaintiff who follows a notice by inquiring whether additional information is needed risks suffering the consequence of a notice found to be technically inadequate. A plaintiff should not rely even on the formal re *77 sponse outlined in MCL 600.2912b(7). If the complaint were filed more than two years after the malpractice claim accrued and the notice were sufficiently flawed, the claim would still be time-barred. The Legislature could not have intended that result when it enacted MCL 600.2912b, which was designed to promote settlement.
In conclusion, I would reverse the Court of Appeals decision to the extent that it imposed a duty to object to a deficient notice of intent before a complaint is filed. However, I would affirm the application of waiver to the notice and tolling statute combination. These defendants communicated with plaintiff and investigated her claim as the notice statute contemplates, presumably in furtherance of the possibility of a settlement. The Court of Appeals recognized the unfairness of allowing them only much later to object that the notice of intent was defective because it gave insufficient information to promote pretrial investigation and settlement.
When defendants affirmatively responded to plaintiff’s notice of intent, they reasonably should have expected plaintiff to understand that they had no objections to its form or content. By so doing, defendants affirmatively waived any objection premised on that notice. Because the statute of limitations objection in this case is necessarily based on an inquiry into the adequacy of the notice of intent, the objection was affirmatively waived.
Cavanagh, J., concurred with Kelly, J.

 The Court of Appeals initially couched its holding in these terms: “[Defendants waived any alleged deficiencies in the notice of intent,” (emphasis added). It went on to emphasize that defendants “fail[ed] to complain.” Ultimately, it held that a defendant must raise any objections to a notice of intent before a complaint is filed. 240 Mich App 175, 181, 185; 610 NW2d 285 (2000).
Waiver requires an “intentional and voluntary relinquishment of a known right.” Black’s Law Dictionary (6th ed); see also Moore v First Security Casualty Co, 224 Mich App 370, 376; 568 NW2d 841 (1997). I would affirm the Court of Appeals decision to the extent that it applied the doctrine of waiver, but I would reverse the holding to the extent that it requires a potential defendant to object before a plaintiff files a complaint. MCL 600.2912b does not require that a defendant respond in any way to a notice of intent.

 The majority points out that one defendant, Mecosta County General Hospital, reserved the right to object to plaintiffs notice of intent in a writing requesting information. That letter from Mecosta, dated September 6, 1996, refers to an earlier communication from plaintiff and states: “This letter does not waive any rights . . . .” (Emphasis added.) However, plaintiffs amended notice of intent to Mecosta is dated September 19, 1996. After that notice, plaintiff cooperated with Mecosta’s requests for her personal medical history and access to plaintiffs medical records. None of those cooperative letters from Mecosta indicated any objections to the amended notice of intent or reserved a later objection.
I would note that representatives of other defendants, particularly Gail DesNoyers and Barbara Davis, explicitly stated that plaintiffs failure to comply with their request for medical information “will force [defendants’ insurer] to consider this pre-suit notice defective.” Presumably, once plaintiff complied with that request, those defendants had no objection premised on defective notice.
Moreover, plaintiff provided evidence that each of defendant’s insurers communicated with defendant after receiving the notice of intent without objecting to its content. That evidence went uncontradicted by any defendant.

 The majority relies on Northern Concrete Pipe, Inc v Sinacola Companies-Midwest, Inc, 461 Mich 316; 603 NW2d 257 (1999), and Omne Financial, Inc v Shacks, Inc, 460 Mich 305; 596 NW2d 591 (1999), for the proposition that a clear and unambiguous statute requires full compliance with its provisions. However, neither decision addressed the equitable doctrine of waiver.

 The majority emphasizes that MCL 600.2912b provides a remedy for a prospective defendant’s failure to respond to a notice of intent. I would point out that, by addressing a failure to respond, the remedy may preclude forfeiture, but it does not preclude waiver. Where defendants made affirmative representations that could only have been designed to induce plaintiffs reliance on her notice of intent, the statute provides no remedy for this plaintiff.

 This Court has readily applied the doctrine of waiver in the criminal context. For example, we recently pointed out, in People v Krueger, 466 Mich 50; 643 NW2d 223 (2002), that a criminal defendant may waive the right, specifically conferred in MCL 768.3, to be present at trial. See also People v Hyland, 212 Mich App 701; 538 NW2d 465 (1995); People v Staffney, 187 Mich App 660; 648 NW2d 238 (1991). MCL 768.3 provides in absolute terms that “No person indicted for a felony shall be tried unless personally present during the trial----” It gives no indication of the possibility of waiver. One would expect it to be more difficult for a criminal defendant to waive a right than a civil defendant. Hence, I see no need to examine the statute involved here for explicit permission to apply the equitable doctrine in this context.

 This is not to say, in the abstract, that a defendant waives an objection based on notice or the statute of limitations any time that the defendant participates in a lawsuit. When it enacted MCL 600.2912b and MCL 600.5856(d), the Legislature created a unique and complex set of requirements that intertwine the notice requirement with the statute of limitations. Under the circumstances of this case, I believe that defendants sufficiently implied that they had no objection premised on inadequate notice to preclude a statute of limitations objection.

 Proper notice under the statute initiates a 182-day tolling period regardless of whether a defendant responds pursuant to MCL 600.2912b(7). However, plaintiff filed her complaint immediately upon the expiration of the 154-day abbreviated waiting period, as soon as the statute permitted. See Omelenchuk v City of Warren, 461 Mich 567, 576-577; 609 NW2d 177 (2000).

 I wonder how much detail can reasonably be expected from a plaintiff who has not yet had the benefit of discovery.

 Federal courts have recognized that the judiciary has equitable control over statutory periods of limitation, including tolling and waiver. See Bowen v City of New York, 476 US 467, 479; 106 S Ct 2022; 90 L Ed 2d 462 (1986); Zipes v Trans World Airlines, Inc, 455 US 385, 398; 102 S Ct 1127; 71 L Ed 2d 234 (1982).