Sawyer, P.J.
 

 In our original opinion, this Court held that defendants had waived their challenge to the adequacy of plaintiff’s notices of intent to bring this medical malpractice case by waiting until after the complaint was filed.
 
 Roberts v Mecosta Co General Hosp,
 
 240 Mich App 175, 185-186; 610 NW2d 285 (2000). Thereafter, the Supreme Court reversed, holding that the statute imposes no obligation on defendants to object to the notice of intent before the complaint is filed.
 
 Roberts v Mecosta Co General Hosp,
 
 466 Mich 57, 66; 642 NW2d 663 (2002). The matter is now on remand to this Court for consideration of issues not decided in the original appeal.
 

 
 *666
 
 Plaintiff argues that the notices of intent filed in this case were, in fact, adequate and, in the alternative, even if they did not strictly comply with the statute, the notices substantially complied with the statute and substantial compliance is sufficient. We need not address the substantial compliance argument because we are persuaded that the notices did, in fact, strictly comply with the statute.
 

 As the Supreme Court reminded us in this case,
 
 id.
 
 at 63, if statutory language is clear and unambiguous, we are to enforce the statute as written, not read additional requirements into the statute:
 

 An anchoring rule of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature.
 
 People v Wager,
 
 460 Mich 118, 123, n 7; 594 NW2d 487 (1999). To do so, we begin with an examination of the language of the statute.
 
 Wickens v Oakwood Healthcare System,
 
 465 Mich 53, 60; 631 NW2d 686 (2001). If the statute’s language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written.
 
 People v Stone,
 
 463 Mich 558, 562; 621 NW2d 702 (2001). A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.
 
 Omne Financial, Inc v Shacks, Inc,
 
 460 Mich 305, 311; 596 NW2d 591 (1999).
 

 Thus, our consideration of the question whether plaintiffs notices of intent were adequate must begin with the language of the statute and the requirements it creates. The statute at issue here, MCL 600.2912b(4), provides as follows:
 

 The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:
 

 
 *667
 
 (a) The factual basis for the claim.
 

 (b) The applicable standard of practice or care alleged by the claimant.
 

 (c) The maimer in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.
 

 (d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.
 

 (e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the iiyury claimed in the notice.
 

 (f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.
 

 We find the statute to be clear and unambiguous, requiring that the notice of intent must, at a minimum, “contain a statement” of the six enumerated items. See
 
 Roberts, supra,
 
 466 Mich 65-66.
 

 In the case at bar, plaintiff sent two notices of intent, one on September 19, 1996, to defendant hospital, and one on September 23, 1996, to the remaining defendants. We will look at each statutory item and compare it to the notices to determine if the notices were adequate.
 

 (a) THE FACTUAL BASIS FOR THE CLAIM.
 

 The September 19 notice set out the following factual basis:
 

 This is a claim for negligence which occurred on October 4, 1994, at Mecosta County General Hospital. It is claimed that on said date while pregnant with her first child, Claimant presented herself to Mecosta County General Hospital complaining of severe pain. At that time a diagnosis of a
 
 *668
 
 spontaneous abortion was made and a D and C was performed. Claimant was sent home at that time.
 

 Over the course of the next few days Claimant continued to experience pain and cramping and, on October 7, 1994, was again seen at Mecosta County General Hospital. Claimant was told that the pain she was experiencing was cramps from the D and C she had done and was sent home.
 

 Claimant returned to the hospital on October 8, 1994, wherein it was discovered that Claimant had not had a spontaneous abortion but had an ectopic pregnancy in her left tube which had burst. Emergency surgery was performed at that time and her left tube was removed.
 

 Claimant had her right tube removed approximately ten years ago and, as a result of the negligence set forth above, she is now unable to have any children.
 

 The September 23 notice gave the following factual basis:
 

 This is a claim for negligence which occurred on October 4, 1994, at Obstetrics & Gynecology of Big Rapids. It is claimed that on said date while pregnant with her first child, Claimant presented herself to Barb Davis, PAC, Dr. Michael Atkins, and Dr. Gail DesNoyers complaining of severe abdominal pain and bleeding. At that time a diagnosis of a spontaneous abortion was made and a D & C was performed at Mecosta County General Hospital. Claimant was sent home at that time, despite Dr. DesNoyer’s [sic] knowledge of Claimant’s history of a prior ectopic pregnancy.
 

 Over the course of the next few days, Claimant continued to experience pain and cramping and, on October 7, 1994, was seen at Mecosta County General Hospital by Dr. Michael Atkins. Claimant was told that the pain she was experiencing was cramps from the D & C she had done and was sent home.
 

 Claimant returned to the hospital on October 8, 1994, wherein it was discovered that Claimant had not had a spontaneous abortion but had an ectopic pregnancy in her
 
 *669
 
 left tube which had burst. Emergency surgery was performed at that time and her left tube was removed.
 

 Claimant had her right tube removed approximately ten years ago and, as a result of the negligence set forth above, she is now unable to have any children.
 

 The statute provides that the notice “shall contain a statement of” the “factual basis for the claim.” Obviously, the notices involved here contain such a statement.
 

 (b) THE APPLICABLE STANDARD OF PRACTICE OR CARE ALLEGED BY THE CLAIMANT.
 

 The September 19 notice alleged the following standard of care:
 

 Claimant contends that the applicable standard of care required that Mecosta County General Hospital provide the claimant with the services of competent, qualified and licensed staff of physicians, residents, interns, nurses and other employees to properly care for her, render competent advice and assistance in the care and treatment of her case and to render same in accordance with the applicable standards of care.
 

 Similarly, the September 23 notice contained the following:
 

 Claimant contends that the applicable standard of care required that Obstetrics & Gynecology of Big Rapids, Dr. Gail DesNoyers and Barb Davis, PAC, provide the Claimant with the services of competent, qualified and licensed staff of physicians, residents, interns, nurses and other employees to properly care for her, render competent advice and assistance in the care and treatment of her case and to render same in accordance with the applicable standards of care.
 

 
 *670
 
 Defendants argue that this statement of the standard of care is inadequate. However, defendants direct us to no authority to establish that the stated standard of care is incorrect, nor do they direct us to what they believe is the proper standard of care. We are reluctant to declare plaintiff’s stated standard of care inaccurate without being able to identify what is the proper standard of care.
 

 In any event, we do not believe the question whether plaintiff accurately stated the standard of care is of any moment to this case. The clear and unambiguous language of the statute requires that plaintiff’s notice “contain a statement of” the “applicable standard of practice or care alleged by the claimant.” The notices in this case do, in fact, contain a statement of what plaintiff alleges to be the standard of practice or care. The statute does
 
 not
 
 require that the claimant accurately or correctly state the standard of care nor does it declare the notice to be inadequate if the plaintiff is incorrect in stating the standard of care. Indeed, the statute would seem to anticipate a disagreement over the standard of practice or care because MCL 600.2912b(7), which covers the defendant’s response to a notice of intent, includes a provision for the defendant to set forth what it believes is the applicable standard of care or practice.
 

 To establish a requirement that the notice of intent must accurately state the standard of practice or care would read into the statute a requirement that the statute does not create. As the Supreme Court observed in
 
 Roberts, supra,
 
 466 Mich 66:
 

 Further, nowhere does the statute provide that a defendant must object to any deficiencies in a notice of intent before the complaint is filed. In the absence of such a statu
 
 *671
 
 tory requirement, we do not have the authority to create and impose an extrastatutory affirmative duty on the defendant.
 
 Omne Financial, supra.
 
 The role of the judiciary is not to engage in legislation.
 
 Tyler v Livonia Sachs,
 
 459 Mich 382, 392-393, n 10; 590 NW2d 560 (1999). The Legislature did not require that an objection to a notice of intent must be raised before a certain stage of the litigation.
 

 With respect to the statement of the standard of practice or care, nothing in the statute requires that the statement be correct or otherwise imposes a penalty if the statement is incorrect. Rather, the clear directive of the statute is for the plaintiff to include in the notice what the plaintiff
 
 alleges
 
 the standard to be. If the Legislature had intended to require the statement of the standard of care to be accurate, it would have omitted the phrase “alleged by the claimant” from MCL 600.2912b(4)(b).
 

 Simply put, plaintiff complied with the requirements of the statute that she include a statement of the alleged standard of practice or care. To require more would necessitate that we improperly engage in legislation and impose an extrastatutory affirmative duty on plaintiff. See
 
 Roberts, supra,
 
 466 Mich 66.
 

 (c) THE MANNER IN WHICH IT IS CLAIMED THAT THE APPLICABLE STANDARD OF PRACTICE OR CARE WAS BREACHED BY THE HEALTH PROFESSIONAL OR HEALTH FACILITY.
 

 The September 19 notice refers to paragraph two of the notice, while the September 23 notice contains the following statement: “Claimant claims that Obstetrics & Gynecology of Big Rapids, Dr. Gail DesNoyers and Barb Davis, PAC, failed to provide her with the applicable standard of practice and care outlined in paragraph 2 above.”
 

 
 *672
 
 If we look only to the statements in paragraphs two and three of the notices, they arguably do not comply with the statute, particularly with respect to the individual defendants.
 
 [1]
 
 However, nothing in the statute requires that the notice of intent be in a particular format or that each of the six statutory items be separately listed or identified. If we examine the respective first paragraphs of the notices (the factual basis for the claim), we do find a statement of the manner in which plaintiff claims the standard of practice or care was breached. Specifically, the notices clearly state that the medical personnel incorrectly diagnosed a spontaneous abortion rather than an ectopic pregnancy, resulting in the loss of plaintiff’s only remaining fallopian tube, thus rendering her sterile.
 

 Accordingly, we conclude that this statutory requirement was met.
 

 (d) THE ALLEGED ACTION THAT SHOULD HAVE BEEN TAKEN TO ACHIEVE COMPLIANCE WITH THE ALLEGED STANDARD OF PRACTICE OR CARE.
 

 Both notices refer to paragraph two of the respective notices. Again, we look to the statements in paragraph one of each notice to provide additional information. Clearly, when reading the notices as a whole, plaintiff alleges that the action that should have been taken was to have timely diagnosed the ectopic pregnancy so that it could have been treated without the loss of plaintiff’s left fallopian tube. Thus, this requirement was met.
 

 
 *673
 
 (e) THE MANNER IN WHICH IT IS ALLEGED THE BREACH OP THE STANDARD OP PRACTICE OR CARE WAS THE PROXIMATE CAUSE OF THE INJURY CLAIMED IN THE NOTICE.
 

 Once again, both notices refer to their respective paragraph two. And also once again, the more detailed statements of the factual basis for the claim provides the necessary information. Specifically, plaintiff clearly states that the misdiagnosis resulted in having to have emergency surgery four days later to remove her only remaining fallopian tube as a result of the tube bursting from the undiagnosed ectopic pregnancy, thus rendering her sterile. This is clearly a statement of the manner in which it is alleged that the breach of the standard of practice or care proximately caused the injury.
 

 (f) THE NAMES OF ALL HEALTH PROFESSIONALS AND HEALTH FACILITIES THE CLAIMANT IS NOTIFYING UNDER THIS SECTION IN RELATION TO THE CLAIM.
 

 The September 19 notice lists “Mecosta County General Hospital and all agents and employees, actual or ostensible, thereof,” while the September 23 notice lists “Obstetrics
 
 &
 
 Gynecology of Big Rapids, Gail DesNoyers, M.D., Michael Atkins, M.D., Barb Davis, PAC, and all agents and employees, actual or ostensible, thereof.” Thus, all the defendants are listed in the two notices.
 

 In sum, while the notices of intent in this case may not represent the picture of clarity and certainly do not represent the “perfect notice,” they do comply with the statute. To declare them inadequate would require that we read into the statute requirements that simply do not exist. Accordingly, we conclude that the trial court erred in determining that the
 
 *674
 
 notices were inadequate and in dismissing the case on the basis of that determination.
 

 Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.
 

 [1]
 

 The references to the respective paragraphs two would set out that the individual defendants failed to retain and provide competent medical personnel to attend to plaintiff.