**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 24, 2002**

LISA ROBERTS,

    Plaintiff-Appellee,

v                      Nos. 116563, 116570, 116573

MECOSTA COUNTY GENERAL HOSPITAL,
GAIL A. DESNOYERS, M.D.,
MICHAEL ATKINS, M.D., BARB DAVIS, and
OBSTETRICS AND GYNECOLOGY OF BIG RAPIDS, P.C.,
formerly known as GUNTHER, DESNOYERS & MEKARU

    Defendants-Appellants.
_____

BEFORE THE ENTIRE BENCH

YOUNG, J.

    This case again calls into question the authority of courts to create terms and conditions at variance with those unambiguously and mandatorily stated in a statute. We reaffirm that the duty of the courts of this state is to apply the actual terms of an unambiguous statute.

In this medical malpractice case, the Court of Appeals concluded that defendants had waived their ability to object to the sufficiency of the notices of intent by failing to raise their objections before the filing of the complaint. We hold that the statute of limitations cannot be tolled under MCL 600.5856(d) unless notice is given in compliance with all the provisions of MCL 600.2912b. We further hold that MCL 600.2912b places the burden of complying with the notice of intent requirements on the plaintiff and does not implicate a reciprocal duty on the part of the defendant to challenge any deficiencies in the notice before the complaint is filed. In addition, because MCL 600.5856(d) is a tolling provision and a plaintiff relies on a tolling provision to negate a statute of limitations defense raised by a defendant, a defendant does not need to assert the defense or challenge a plaintiff's compliance with MCL 600.2912b, as required by MCL 600.5856(d), until the plaintiff files suit. For these reasons, we reverse the Court of Appeals opinion and remand this matter for further proceedings consistent with this opinion.

## I. Facts and Proceedings

Plaintiff was pregnant and sought treatment because she was experiencing severe pain in her abdomen. She was diagnosed as having suffered a spontaneous abortion and a D & C was performed. Plaintiff alleges that it was later

2

discovered that she had actually been suffering from an ectopic pregnancy, not a spontaneous abortion, and that her left fallopian tube had burst. Emergency surgery was performed to remove plaintiff's left fallopian tube. Plaintiff claims that as a result of the second operation, she can no longer bear children because her right fallopian tube had previously been removed.

Plaintiff decided to pursue a medical malpractice claim, alleging that defendants misdiagnosed her condition and subsequently performed an unnecessary operation.

Plaintiff served a notice of intent on defendant Mecosta County General Hospital on September 19, 1996, and on the remaining defendants on September 23, 1996. Serving these notices constituted plaintiff's attempt to (1) meet the notice requirements for medical malpractice actions prescribed by MCL 600.2912b and (2) toll the statute of limitations pursuant to MCL 600.5856(d).

After the waiting period required under MCL 600.2912b had passed, plaintiff filed her complaint.[1] Thereafter,

---

[1] Under the statute, a plaintiff must wait 182 days after serving notice to file a complaint. MCL 600.2912b(1). However, if a defendant fails to respond to the notice of intent within 154 days, a plaintiff may file a complaint immediately and need not await the expiration of 182 days. MCL 600.2912b(7),(8); *Omelenchuk v City of Warren*, 461 Mich 567, 572-573, 609 NW2d 177 (2000). Defendants in the present case did not respond to the notices of intent within 154 days, so plaintiff filed a complaint in Mecosta Circuit Court on

3

defendants filed motions for summary disposition.  Defendants argued, inter alia, that plaintiff's claims were barred by the statute of limitations because the notices of intent failed to comply with the requirements outlined in MCL 600.2912b(4).[2] Specifically, defendants asserted that plaintiff's notices failed to sufficiently state the standard of care, the manner in which the standard was breached, the action the defendants should have taken, and the proximate cause of the injury.

_____

February 25, 1997, before the expiration of 182 days.

[2] MCL 600.2912b(4) provides:

The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:

(a)  The factual basis for the claim.

(b)  The applicable standard of practice or care alleged by the claimant.

(c)  The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.

(d)  The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.

(e)  The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

(f)  The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.

Defendants advanced the position that, since the notices were insufficient, the period of limitation was not tolled under MCL 600.5658(d) and had therefore expired. The trial court granted the motions for summary disposition.

The Court of Appeals reversed and remanded, holding that defendants had waived their ability to challenge plaintiff's failure to comply with the notice requirements because they did not raise their objections before the time the complaint was filed:

> In short, defendants sandbagged, harboring the alleged error until plaintiff could no longer correct it and the only available remedy would be dismissal with prejudice. This Court cannot condone such conduct.
>
> . . . [T]he purpose behind subsection 2912b(1) is to encourage settlement without the need for formal litigation. This purpose cannot be served if defendants are permitted to sit on alleged deficiencies in the notice of intent until after suit has been filed. If the purpose of the notice requirement is to encourage settlement of legitimate claims before litigation is commenced, then any claims of deficiencies in the notice need to be raised before the complaint is filed, not after.
>
> * * *
>
> Accordingly, we hold that any objections to a notice of intent under subsection 2912b(1) must be raised before the filing of the complaint. Summary disposition based on any alleged defect in the notice of intent not raised by the defendant before the filing of the complaint is not appropriate. [240 Mich App 175, 184-186; 610 NW2d 285 (2000).]

We granted defendants' application for leave to appeal to

consider the propriety of the Court of Appeals holding that a plaintiff's noncompliance with the provisions of § 2912b is waived by a defendant if no objection is raised before the filing of the complaint.

## II. Standard of Review

Questions of statutory interpretation are reviewed de novo by this Court. *In re MCI Telecom*, 460 Mich 396, 413; 596 NW2d 164 (1999). Similarly, we review de novo decisions on summary disposition motions. *Herald Co v Bay City*, 463 Mich 111, 117; 614 NW2d 873 (2000).

## III. ANALYSIS

### A. The Tolling Statute Mandates Compliance with all of MCL 600.2912b

The limitation period for medical malpractice actions is two years. MCL 600.5805(5). This period is tolled under MCL 600.5856(d)

> [i]f, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice *is given in compliance with section 2912b*. [Emphasis added.]

Plaintiff argues that the language "is given in compliance with section 2912b" indicates that the Legislature intended only the *delivery* provisions of § 2912b to be applicable to § 5856(d). In other words, plaintiff's position

6

is that, as long as § 2912b(2)[3] is satisfied, the statute of limitations is tolled under § 5856(d), notwithstanding noncompliance with § 2912b(4). On the basis of a plain reading of the statute, we reject this contention.

An anchoring rule of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature. *People v Wager*, 460 Mich 118, 123, n 7; 594 NW2d 487 (1999). To do so, we begin with an examination of the language of the statute. *Wickens v Oakwood Healthcare System*, 465 Mich 53, 60; 631 NW2d 686 (2001). If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written. *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute

---

3 MCL 600.2912b(2) provides:

The notice of intent to file a claim required under subsection (1) shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.

7

itself. *Omne Financial, Inc v Shacks, Inc*, 460 Mich 305, 311; 596 NW2d 591 (1999).

Section 5856(d) clearly provides that notice must be compliant with § 2912b, not just § 2912b(2) as plaintiff contrarily contends. Had the Legislature intended only the delivery provisions of § 2912b to be applicable, we presume that the Legislature would have expressly limited compliance only to § 2912b(2). However, the Legislature did not do so. Rather, it referred to all of § 2912b.

Since the statute is clear and unambiguous, this Court is required to enforce § 5856(d) as written. *Stone, supra*. As a result, the tolling of the statute of limitations is available to a plaintiff only if all the requirements included in § 2912b are met.

B. The Notice of Intent Statute, MCL 600.2912b

The Court of Appeals did not decide whether the trial court erred in determining that plaintiff's notices of intent did not comply with § 2912b(4). Instead, the Court concluded that defendants had waived[4] their ability to challenge the

---

4 The Court of Appeals clearly used the term "waiver" in a colloquial sense and one at odds with the established legal meaning of this term. As defined by this Court, "waiver" connotes an intentional abandonment of a known right. *People v Carines*, 460 Mich 750, 762, n 7; 597 NW2d 130 (1999). Despite the dissent's conclusory assertion to the contrary, there is no record basis in this case for concluding that defendants here advised plaintiff or anyone else that they were intentionally abandoning their right to contest the

8

sufficiency of the notices under that section, by failing to object to any deficiencies before the filing of the complaint.

The notice of intent required for medical malpractice actions is statutorily mandated. MCL 600.2912b(1) provides:

> [A] person *shall not* commence an action alleging medical malpractice against a health

_____

adequacy of notice under § 2912b or their right ultimately to assert a statute of limitations defense to her malpractice claim. In fact, a review of the record produces a communication between defendants' adjusters and plaintiff that is in direct contradiction to the meaning of "an intentional abandonment of a known right." Defendant Mecosta County General Hospital's claim adjusters expressed in a writing requesting information that their information request "does not waive any rights Mecosta County General Hospital or the MHA Insurance Company may have to dispute any defects in any Notice of Intent or concede the validity of any such Notice." Thus, contrary to the dissent's assertion that defendants made "affirmative representations" so that there was a "voluntary relinquishment of a known right," not only were there no such representations, defendants specifically stated in one of their communications that the right to challenge the notice of intent was *not* being waived. Therefore, in addition to the absence of any affirmative representations, this communication provides further evidence that our dissenting colleague's assertion that defendants' communications "reasonably led plaintiff to believe that her notice was sufficient, thereby waiving any objections related to the adequacy of the notice" is unsupportable.

Rather, when referring to "waiver," both the Court of Appeals and dissent appear to rely on the related concept of "forfeiture." As defined by this Court, a "forfeiture" is the failure to make a timely assertion of a right. *Carines, supra.*

In any event, for the reasons explained below, it is simply inappropriate to characterize defendants' inaction as either a waiver or a forfeiture, because the statute at issue did not impose upon defendants a duty to assert that plaintiff's notice was deficient *until* her complaint was filed.

professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced. [Emphasis added.]

Subsection 2912b(4) provides that "[t]he notice given to a health professional or health facility under this section *shall* contain a statement of *at least*" the facts, standard of care, action that should have been taken, breach, proximate cause, and the names of those being notified.

The phrases "shall" and "shall not" are unambiguous and denote a mandatory, rather than discretionary action. *People v Grant*, 445 Mich 535, 542; 520 NW2d 123 (1994). Likewise, the phrase "at least" plainly reflects a minimal requirement and cannot plausibly be considered ambiguous. Because § 2912b is unambiguous, we must enforce its plain language.

Subsections 2912b(1) and (4) clearly place the burden of complying with the notice of intent requirements on the plaintiff. A clear and unambiguous statute requires full compliance with its provisions as written. *Northern Concrete Pipe, Inc v Sinacola Companies-Midwest, Inc*, 461 Mich 316, 320; 603 NW2d 257 (1999). Accordingly, plaintiff must fulfill the preconditions of § 2912b(4) in order to maintain a medical malpractice action.

Further, nowhere does the statute provide that a defendant must object to any deficiencies in a notice of

10

intent before the complaint is filed.[5] In the absence of such a statutory requirement, we do not have the authority to create and impose an extrastatutory affirmative duty on the defendant. *Omne Financial, supra.* The role of the judiciary is not to engage in legislation. *Tyler v Livonia Schools*, 459 Mich 382, 392-393, n 10; 590 NW2d 560 (1999). The Legislature did not require that an objection to a notice of intent must be raised before a certain stage of the litigation.

### C. The Tolling Provision, MCL 600.5856

Although the Court of Appeals incorrectly held that defendants had waived their ability to challenge the sufficiency of the notice of intent by creating and inserting a waiver provision into MCL 600.2912b, MCL 600.5856 provides an additional reason why waiver is inapplicable to the present case.

---

5 The dissent suggests that its "waiver" analysis is derived from the structure of the statute. That argument is undercut by the fact that the statute provides an explicit remedy for a defendant's failure to respond to the notice of intent. It is well settled that when a statute provides a remedy, a court should enforce the legislative remedy rather than one the court prefers. *Senters v Ottawa Savings Bank*, 443 Mich 45, 56; 503 NW2d 639 (1993). Although MCL 600.2912b(7) requires the defendant to respond to the notice of intent, subsection 8 clearly provides the remedy for a defendant's failure to do so. That is, plaintiff may commence an action after only 154 days after notice has been given, as opposed to the 182 days otherwise required under subsection 1. However, nothing in § 2912b suggests that defendant waives his right to object to the sufficiency of the notice of intent by failing to respond before the complaint is filed.

11

The plain language of § 5856(d) clearly requires a medical malpractice plaintiff to comply with the provisions of § 2912b in order to toll the limitation period. Absent an express waiver of its right to contest the adequacy of plaintiff's notice of intent or to assert the statute of limitations as a defense, defendant cannot forfeit, or "waive," those rights until the tolling provision becomes an issue. This is because a tolling provision effectively works to negate a statute of limitations defense raised by a defendant. Thus, unless done so expressly, the only ways in which a defendant could effectively "waive" any objections to plaintiff's fulfillment of the requirements of § 5856(d) would be to fail to invoke the pertinent statute of limitations after a plaintiff files suit or to fail to object to the adequacy of the notice of intent after a plaintiff advances tolling as a response to a statute of limitations defense.

In other words, under this statute, defendant's failure to respond to plaintiff's notice does not result in a waiver of a statute of limitations defense before a suit is even filed. Accordingly, since plaintiff sought to rely on the tolling provision of § 5856(d) and that section plainly requires compliance with § 2912b, defendants cannot logically be considered to have waived their right to object to

plaintiff's compliance with § 2912b before the filing of the suit.

## D. The Dissent

The lynchpin of the dissent is its repeated assertion that "defendants in this case made *affirmative representations* that reasonably led plaintiff to believe that her notice of intent was adequate." *Post* at 6-7 (emphasis added). We agree that, if a defendant affirmatively represents to a plaintiff that it waives any objection to plaintiff's notice or expressly waives its statute of limitations defense, such representations could be binding in any subsequent litigation under this statute. However, what is noteworthy about the dissent's theory is the fact that, despite the repeated contrary assertions, not a single *representation* is cited, much less an *affirmative* representation, by any defendant that they acquiesced in the adequacy of the notices that plaintiff filed in this case. The oddity of the dissent's analysis is that it relies on the *absence* of representations to establish a waiver. Indeed, the dissent is ultimately reduced to admitting that the so-called waiver it relies upon must be *implied* from the fact that defendants failed to include a disclaimer in each of the several written requests they made

13

of plaintiff for more information.  *Post* at 6, n 8.[6]

We agree with the dissent that a "[w]aiver requires an 'intentional and voluntary relinquishment of a known right.'" *Post* at 3, n 1.  *Carines, supra.*  However, as previously discussed, n 4, no such waiver occurred here.  It is simply contradictory for the dissent to conclude that the *failure* to raise an issue in preliminary communications amounts to a waiver, while it simultaneously instructs that waiver requires an "intentional and voluntary relinquishment."

In reality, the dissent is not relying on a waiver analysis, but a forfeiture analysis.  As we have defined the

---

6 The dissent actually reasons that, because defendants contacted plaintiff for information following the issuance of her notice, "she had every reason to believe that the notice triggered the tolling provision of MCL 600.5856(d)." *Post* at p 7.  As noted previously, n 4, a reference in this record concerning the adequacy of plaintiff's notice was made in a September 6, 1996, letter to plaintiff from MHA.  In what surely must have been the product of an abundance of lawyerly caution, in that letter Mecosta and MHA specifically *disclaimed* any waiver of rights to contest defects in plaintiff's notice.  The dissent similarly cites a communication from defendants' insurance claim adjusters that indicates that the failure to comply with medical information requests will force defendants' insurers to consider the notice of intent defective as evidence that defendants made an *affirmative* representation that they were intentionally abandoning their right to contest the notice of intent.  Such is the world that the dissent would create that defendants must communicate at their peril with any potential plaintiff unless each such communication specifically disclaims any waiver of any right of defense available.  If the folly of this approach is not sufficiently self-evident, for the reasons set forth below, we reject the dissent's game theory of litigation and in particular its "nonrepresentation implied waiver" theory.

14

term, a "forfeiture" is the failure to assert a right in a timely fashion. *Carines, supra.* The dissent has again confused these related, but distinct, concepts of forfeiture and waiver. See, e.g., *People v Carter,* 462 Mich 206, 216; 612 NW2d 144 (2000).

Even if the dissent's argument is viewed as a forfeiture argument, it remains unpersuasive. This is because a *forfeiture* necessarily requires that there be a specific point at which the right must be asserted or be considered forfeited. As noted above, § 2912b does not require a response to the *adequacy* of plaintiff's notice. Thus, the first occasion that defendant *must* challenge the adequacy of the notice as required by the statute is after plaintiff has filed a complaint. This duty to challenge the adequacy of the notice arises not because of the statute, but because of our court rules concerning pleading, MCR 2.111(F)(3), and summary disposition, MCR 2.116(D)(2).[7]

---

[7] The objection to the notice must be made under these rules because, in this malpractice case, if plaintiff failed to comply with the notice requirement, her claim was arguably barred by the controlling statute of limitations, an affirmative defense that *must* be pleaded in defendants' motion for summary disposition or first responsive pleading. Once the statute of limitations is asserted as a defense as it was below, then a plaintiff is free to argue that the statute was tolled under § 5856(d). It is only at this point that a defendant is obligated to object to the adequacy of plaintiff's notice under § 2912b.

In sum, in a medical malpractice case arising under this statute, it is only when the tolling provision becomes an issue that a defendant would be compelled to contest adequacy of the notice. The Court of Appeals and the dissent argue for the extrastatutory requirement of an earlier obligation to object to the adequacy of the notice because they contend that the statute was intended to promote settlement negotiations. Whatever the merit of this policy argument, we are obligated to apply the unambiguous terms of the statute, not our policy preferences. We conclude that the Legislature not only failed to require an earlier objection, it affirmatively provided a different remedy for a defendant's *failure* to respond to the notice thus negating the "waiver" arguments offered by the Court of Appeals and the dissent. See n 5.

For these reasons, regardless of whether it relies on waiver or forfeiture principles, the dissent's argument fails.

IV.  Conclusion

In light of the plain language of MCL 600.5856(d), we conclude that the statute of limitations in a medical malpractice action is not tolled unless notice is given in compliance with all the provisions of MCL 600.2912b. We further conclude that MCL 600.2912b did not require defendants to object to the sufficiency of the notices of intent before

16

the filing of the complaint.[8]  In addition, because MCL 600.5856(d) is a tolling provision and tolling provisions work to negate a statute of limitations defense raised by a defendant, defendants did not need to assert the defense or challenge plaintiff's compliance with MCL 600.2912b, as required by MCL 600.5856(d), until plaintiff filed suit.

Accordingly, we reverse the judgment of the Court of Appeals and, recognizing that the panel did not reach a determination regarding whether the trial court erred in concluding that plaintiff's notices of intent did not comply with § 2912b(4), we remand this matter to the Court of Appeals for further proceedings consistent with this opinion.

CORRIGAN, C.J., and WEAVER, TAYLOR, and MARKMAN, JJ., concurred with YOUNG, J.

---

[8] We express no opinion concerning plaintiff's compliance or noncompliance with MCL 600.2912b, an issue that the Court of Appeals declined to answer.

LISA ROBERTS,

    Plaintiff-Appellee,

v                                  No. 116563

MECOSTA COUNTY GENERAL
HOSPITAL, GAIL A. DESNOYERS,
M.D., BARB DAVIS, AND
OBSTETRICS AND GYNECOLOGY OF
BIG RAPIDS, P.C., formerly known
as GUNTHER, DESNOYERS & MEKARU,

    Defendants-Appellees.

and

MICHAEL ATKINS, M.D.,

    Defendant-Appellant.
_____

LISA ROBERTS,

    Plaintiff-Appellee,

v                                  No. 116570

MECOSTA COUNTY GENERAL HOSPITAL,

    Defendant-Appellant,

and

GAIL A. DESNOYERS, M.D., MICHAEL
ATKINS, M.D., BARB DAVIS,
OBSTETRICS AND GYNECOLOGY OF
BIG RAPIDS, P.C., formerly known
as GUNTHER, DESNOYERS & MEKARU,

        Defendants.

_____

LISA ROBERTS,

        Plaintiff-Appellee,

v                                                  No. 116573

MECOSTA COUNTY GENERAL HOSPITAL,
MICHAEL ATKINS, M.D., OBSTETRICS
AND GYNECOLOGY OF BIG RAPIDS, P.C.,
formerly known as GUNTHER, DESNOYERS
& MEKARU,

        Defendants-Appellees,

and

GAIL A. DESNOYERS, M.D., and
BARB DAVIS,

        Defendants-Appellants.

_____

KELLY, J. (*dissenting*).

        The majority implies that a statute must explicitly permit waiver before the waiver doctrine can operate to excuse noncompliance. Moreover, the majority seems to confuse the concept of an affirmative representation indicating waiver and an explicit statement of waiver. It seems to regard the latter as necessary in this case, but provides no authority to

2

support that assumption. I disagree with the majority's analysis and would affirm the Court of Appeals application of the doctrine of waiver in this case.[1]

I would not, and do not, infer waiver from mere silence. Moreover, I do not believe that either MCL 600.2912b or MCL 600.5856(d) supports a requirement that a defendant object to alleged deficiencies in a notice of intent before the complaint is filed. Therefore, I agree with the majority's conclusion that there is no duty to challenge deficiencies before the complaint is filed.

Generally, I agree that, to begin the tolling of the MCL 600.5856(d) statute of limitations, a plaintiff must fully comply with the requirements of MCL 600.2912b. Compliance with the delivery provision of the notice statute alone is

---

[1]The Court of Appeals initially couched its holding in these terms: "[D]efendants *waived* any alleged deficiencies in the notice of intent," (emphasis added). It went on to emphasize that defendants "fail[ed] to complain." Ultimately, it held that a defendant must raise any objections to a notice of intent before a complaint is filed. 240 Mich App 175, 181, 185; 610 NW2d 285 (2000).

Waiver requires an "intentional and voluntary relinquishment of a known right." Black's Law Dictionary (6th ed); see also *Moore v First Security Casualty Co*, 224 Mich App 370, 376; 568 NW2d 841 (1997). I would affirm the Court of Appeals decision to the extent that it applied the doctrine of waiver, but I would reverse the holding to the extent that it requires a potential defendant to object before a plaintiff files a complaint. MCL 600.2912b does not require that a defendant respond in any way to a notice of intent.

insufficient. However, I would hold that a prospective defendant can waive the specific content requirements for the notice of intent by an affirmative action.

The majority neglects to consider an important fact in this case. Representatives of defendants' insurance companies corresponded with plaintiff's counsel without complaining that there were inadequacies in the notice of intent.[2] A review of the parties' numerous written communications reveals that plaintiff cooperated with defendants' requests for medical records and other personal information related to plaintiff's

---

[2]The majority points out that one defendant, Mecosta County General Hospital, reserved the right to object to plaintiff's notice of intent in a writing requesting information. That letter from Mecosta, dated September 6, 1996, refers to an earlier communication from plaintiff and states: "*This letter* does not waive any rights . . . ." (Emphasis added.) However, plaintiff's amended notice of intent to Mecosta is dated September 19, 1996. After that notice, plaintiff cooperated with Mecosta's requests for her personal medical history and access to plaintiff's medical records. None of those cooperative letters from Mecosta indicated any objections to the amended notice of intent or reserved a later objection.

I would note that representatives of other defendants, particularly Gail DesNoyers and Barbara Davis, explicitly stated that plaintiff's failure to comply with their request for medical information "will force [defendants' insurer] to consider this pre-suit notice defective." Presumably, once plaintiff complied with that request, those defendants had no objection premised on defective notice.

Moreover, plaintiff provided evidence that each of defendant's insurers communicated with defendant after receiving the notice of intent without objecting to its content. That evidence went uncontradicted by any defendant.

claim.  I believe that these communications from defendants reasonably led plaintiff to believe that her notice was sufficient, thereby waiving any objections related to the adequacy of the notice.

The majority also confuses the issue by focusing on the tolling provision, MCL 600.5856(d).  In order for these defendants to maintain a statute of limitations claim, they had to challenge the sufficiency of plaintiff's notice of intent.  Thus, the disposition of this case turns on an analysis of the requirements of MCL 600.2912b, including whether defendants waived any challenge related to those requirements.

Defendants advance no authority in support of their contention that the doctrine of waiver cannot be applied to a statutory provision that does not explicitly include the possibility of waiver.  Nor does the majority cite such authority.[3]  The majority relies only on the "mandatory" nature of the notice provision and the proposition that an

_____

[3]The majority relies on *Northern Concrete Pipe, Inc v Sinacola Companies-Midwest, Inc*, 461 Mich 316; 603 NW2d 257 (1999), and *Onme Financial, Inc v Shacks, Inc*, 460 Mich 305; 596 NW2d 591 (1999), for the proposition that a clear and unambiguous statute requires full compliance with its provisions. However, neither decision addressed the equitable doctrine of waiver.

5

unambiguous statute requires full compliance.[4]  However, I believe that the mandatory nature of the notice statute is not dispositive here, where it is undisputed that defendants had actual notice of plaintiff's intent to file suit.

Waiver is an equitable doctrine, applied judicially to avoid injustice.  28 Am Jur 2d, Estoppel and Waiver, § 197.  As is true with the doctrine of equitable estoppel, the possibility of waiver need not be set forth in the language of a statute.[5]  Where a defendant makes affirmative representations implying that he has no objections to the content of a notice, we may, as a matter of equity, find his

---

[4]The majority emphasizes that MCL 600.2912b provides a remedy for a prospective defendant's failure to respond to a notice of intent.  I would point out that, by addressing a failure to respond, the remedy may preclude forfeiture, but it does not preclude waiver.  Where defendants made affirmative representations that could only have been designed to induce plaintiff's reliance on her notice of intent, the statute provides no remedy for this plaintiff.

[5]This Court has readily applied the doctrine of waiver in the criminal context.  For example, we recently pointed out, in *People v Krueger*, 466 Mich ___; ___ NW2d ___ (2002), that a criminal defendant may waive the right, specifically conferred in MCL 768.3, to be present at trial.  See also *People v Hyland*, 212 Mich App 701; 538 NW2d 465 (1995); *People v Staffney*, 187 Mich 660; 648 NW2d 238 (1991).  MCL 768.3 provides in absolute terms that "No person indicted for a felony shall be tried unless personally present during the trial . . . ."  It gives no indication of the possibility of waiver.  One would expect it to be more difficult for a criminal defendant to waive a right than a civil defendant.  Hence, I see no need to examine the statute involved here for explicit permission to apply the equitable doctrine in this context.

6

later objections waived.[6]

The defendants in this case made affirmative representations that reasonably led plaintiff to believe that her notice of intent was adequate. In so doing, defendants encouraged plaintiff to rely on the 182-day tolling period initiated by that notice. When plaintiff filed her complaint well within the extended limitation period,[7] defendants cannot be permitted to object on statute of limitations grounds and the requirements of the notice provision. The defense was affirmatively waived by defendants' actions.

Presumably, plaintiff could have filed her malpractice claim within the statutory period of limitation but for the statutory requirement that she provide a notice of intent to file her claim. After doing so, and particularly after

---

[6]This is not to say, in the abstract, that a defendant waives an objection based on notice or the statute of limitations any time that the defendant participates in a lawsuit. When it enacted MCL 600.2912b and MCL 600.5856(d), the Legislature created a unique and complex set of requirements that intertwine the notice requirement with the statute of limitations. Under the circumstances of this case, I believe that defendants sufficiently implied that they had no objection premised on inadequate notice to preclude a statute of limitations objection.

[7]Proper notice under the statute initiates a 182-day tolling period regardless of whether a defendant responds pursuant to MCL 600.2912b(7). However, plaintiff filed her complaint immediately upon the expiration of the 154-day abbreviated waiting period, as soon as the statute permitted. See *Omelenchuck v City of Warren*, 461 Mich 567, 576-577; 609 NW2d 177 (2000).

receiving communications from defendants' agents because of that notice, she had every reason to believe that the notice triggered the tolling provision of MCL 600.5856(d).  The requirements of MCL 600.2912b are vague.  Neither the statute nor related case law provides any guidance about the quantity of detail a potential plaintiff must furnish regarding the malpractice claim.[8]

The majority also implies that a challenge on the basis of the statute of limitations cannot be waived before the filing of suit.  Again, I disagree.  Where parties are engaged in settlement negotiations, for example, a potential defendant might agree to waive a statute of limitations defense to continue negotiations and avoid a claim being filed.  See, e.g., *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 148-150; 624 NW2d 197 (2000).[9]  Should settlement negotiations fail, the affirmative representation that the defendant waived a statute of limitations defense would bar any objection when the plaintiff filed a claim outside the statutory period.  Similarly, defendants' communications to plaintiff here should

---

[8]I wonder how much detail can reasonably be expected from a plaintiff who has not yet had the benefit of discovery.

[9]Federal courts have recognized that the judiciary has equitable control over statutory periods of limitation, including tolling and waiver.  See *Bowen v City of New York*, 476 US 467, 479; 106 S Ct 2022; 90 L Ed 2d 462 (1986); *Zipes v Trans World Airlines, Inc*, 455 US 385, 398; 102 S Ct 1127; 71 L Ed 2d 234 (1982).

operate to waive the statute of limitations defense.

The effect of today's decision is to shorten the statutory period of limitation for a medical malpractice claim by more than half a year. A potential plaintiff would be well advised to file a notice of intent at least 182 days before the period expires. There is now no telling whether a notice will be deemed sufficient to trigger the tolling provision. In fact, even the plaintiff who follows a notice by inquiring whether additional information is needed risks suffering the consequence of a notice found to be technically inadequate. A plaintiff should not rely even on the formal response outlined in MCL 600.2912b(7). If the complaint were filed more than two years after the malpractice claim accrued and the notice were sufficiently flawed, the claim would still be time-barred. The Legislature could not have intended that result when it enacted MCL 600.2912b, which was designed to promote settlement.

In conclusion, I would reverse the Court of Appeals decision to the extent that it imposed a duty to object to a deficient notice of intent before a complaint is filed. However, I would affirm the application of waiver to the notice and tolling statute combination. These defendants communicated with plaintiff and investigated her claim as the notice statute contemplates, presumably in furtherance of the

9

possibility of a settlement. The Court of Appeals recognized the unfairness of allowing them only much later to object that the notice of intent was defective because it gave insufficient information to promote pretrial investigation and settlement.

When defendants affirmatively responded to plaintiff's notice of intent, they reasonably should have expected plaintiff to understand that they had no objections to its form or content. By so doing, defendants affirmatively waived any objection premised on that notice. Because the statute of limitations objection in this case is necessarily based on an inquiry into the adequacy of the notice of intent, the objection was affirmatively waived.

CAVANAGH, J., concurred with KELLY, J.