# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 7, 2008

132888

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

MARCIA DOWNS, f/k/a Marcia Douglas,
Personal Representative of the Estate of
Natasha Douglas, Deceased,
        Plaintiff-Appellee,

v

NORTHERN MICHIGAN HOSPITALS, INC.,
d/b/a NORTHERN MICHIGAN HOSPITAL,
        Defendant-Appellant,

and

MARILYN KEEBLER, f/k/a MARILYN S.
MORRIS, DEBBIE PLUIM, a/k/a DEBRA
PLUIM, DANIEL J. VERBURG, DANIEL
J. VERBURG, M.D., P.C., d/b/a BAY VIEW
OBSTETRICS & GYNECOLOGY, and
JEFFREY W. WILDER,
        Defendants-Appellees.
_____/

SC: 132888
COA: 253611
Emmet CC: 03-007681-NH

By order of April 4, 2007, the application for leave to appeal the November 28, 2006 judgment of the Court of Appeals was held in abeyance for *Mullins v St Joseph Mercy Hospital* (Docket No. 131879).  On order of the Court, the case having been decided on November 28, 2007, 480 Mich 948 (2007), the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J., concurs and states as follows:

I concur in the order denying leave to appeal because I agree with the Court of Appeals that defendant hospital waived its right to contest the sufficiency of plaintiff's

notices of intent to file suit. The letter that defendant sent to plaintiff clearly indicates that defendant had no objections to the notices of intent, and, thus, defendant cannot now rely on the trial court's subsequent determination that the notices of intent are deficient.

I write separately to express my concern regarding the practice employed in this case by which a plaintiff purports to seek a judgment declaring notices of intent to be sufficient. MCL 600.2912b sets forth several different timing requirements or deadlines pertaining to notices of intent. For instance, pursuant to § 2912b(1), a medical malpractice plaintiff must file a notice of intent 182 days before filing a complaint. In addition, pursuant to § 2912b(3), the 182-day requirement can be shortened to 91 days if all the conditions set forth in § 2912b(3)(a) through (d) are satisfied. Further, pursuant to § 2912b(5), within 56 days after providing the notice of intent, the plaintiff must allow the defendant access to all the medical records related to the claim. Finally, pursuant to § 2912b(7), the defendant must provide the plaintiff with a written response within 154 days of receiving the notice of intent, and, pursuant to § 2912b(8), if the defendant fails to respond within 154 days to the notice of intent, the plaintiff can immediately file a complaint. However, the defendant is not required to allege any deficiencies in the notice of intent in this written response. MCL 600.2912b(7). Instead, as this Court explained in *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 66 (2002), "nowhere does the statute provide that a defendant must object to any deficiencies in a notice of intent before the complaint is filed."[1] Given that § 2912b sets forth several specific timing requirements pertaining to notices of intent, but does not set forth a timing requirement with regard to when the defendant must object to any deficiencies in the notice of intent, and given this Court's decision in *Roberts*, I question whether a plaintiff can seek a declaratory judgment regarding the sufficiency of notices of intent, thereby requiring the defendant to object to any deficiencies in the notices of intent *before the defendant would otherwise be required to do so under the statute*.

Although it is unnecessary to answer this question in the instant case because defendant waived any objections to the sufficiency of the notices of intent, I nevertheless wish to express my concern about such a procedure.

---

[1] "[S]tatute of limitations [is] an affirmative defense that must be pleaded in defendants' motion for summary disposition or first responsive pleading. Once the statute of limitations is asserted as a defense . . . then a plaintiff is free to argue that the statute was tolled under [MCL 600.5856(d)]. It is only at this point that a defendant is obligated to object to the adequacy of plaintiff's notice under § 2912b." [*Roberts, supra* at 70 n 7.]



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 7, 2008

_____
Clerk