ATLANTIC XXXI, LLC v ART MIDWEST, LP

Docket No. 278104. Submitted December 9, 2008, at Detroit. Decided
    December 18, 2008, at 9:00 a.m. Leave to appeal sought.
    Atlantic XXXI, LLC, brought an action in the Oakland Circuit Court
        against ART Midwest, LP, American Realty Trust, Inc., and others,
        seeking from American Realty Trust, a limited partner in a limited
        partnership organized under Texas law, payment pursuant to a
        guarantee. On cross-motions for summary disposition, the court,
        Edward Sosnick, J., applying Michigan law, granted summary
        disposition for American Realty Trust. In making its ruling, the
        court rejected American Realty Trust's contention that Texas law
        applied. Atlantic XXXI appealed.
        The Court of Appeals *held*:
        The trial court erred by not applying Texas law to this case.
        MCL 449.1901 provides that the law of the state under which a
        foreign limited partnership is organized governs its organization
        and internal affairs and the liability of its limited partners.
        Reversed and remanded for reconsideration of the grant of
        summary disposition.

*Siciliano Mychalowych Van Dusen and Feul, PLC* (by
*Andrew W. Mychalowych* and *Lindsay James*), for At-
lantic XXXI, LLC.

*Clark Hill PLC* (by *Peter A. Jackson* and *Mark W.
McInerney*) for American Realty Trust, Inc.

Before: MURPHY, P.J., and SAWYER and WHITBECK, JJ.

SAWYER, J. In this case, we must resolve whether a
claim that seeks to impose liability on a limited
partner of a limited partnership organized under
foreign law must be resolved by applying Michigan
law or the law of the foreign jurisdiction. We hold

that, without regard to the underlying basis for the claim of liability, the law of the jurisdiction under which the partnership is organized controls the resolution of the issue of liability.

This case arises out of a commercial real estate transaction involving multiple related entities. Defendant ART Midwest, LP (the Limited Partnership), is a limited partnership organized under the laws of the state of Texas. Defendant American Realty Trust, Inc. (defendant), is a limited partner in that partnership. The Limited Partnership is the sole member of a limited liability company, ART Concord East, LLC (the LLC). The LLC, which is not a party to this action, purchased an apartment complex. In doing so, it assumed responsibility for a multimillion dollar loan owed to plaintiff. Additionally, as part of the transaction, the Limited Partnership guaranteed payment of the debt.

Subsequently, the loan went into default and the Limited Partnership failed to pay under the guarantee. That precipitated the instant action, which includes a claim against defendant in which plaintiff alleged that defendant was a mere alter ego of the Limited Partnership and, therefore, should be held liable for the debt. The parties brought cross-motions for summary disposition. The primary issue resolved below was whether a claim of alter ego or piercing the veil required the showing of a fraud or wrong. Plaintiff argued that no such showing was required. Defendant, on the other hand, argued that such a showing was required. Additionally, defendant argued that, because plaintiff sought to impose liability on a limited partner of a partnership formed under Texas law, Texas law controlled and would not impose liability in this case. The trial court rejected the application of Texas law, but did hold that

Michigan law required a showing of fraud or other wrongdoing and granted summary disposition in favor of defendant on this claim.

We granted plaintiff's application for leave to appeal.

We decline to address the issue raised by plaintiff: whether the trial court erred in holding that Michigan law requires the showing of a fraud or wrong and that no such showing was made in this case. Rather, we agree with defendant that this matter must be resolved under Texas law, not Michigan law.

MCL 449.1901 provides in pertinent part that "the laws of the state under which a foreign limited partnership is organized govern its organization and internal affairs and the liability of its limited partners." The trial court rejected the argument that this statute requires that this case be resolved under Texas law because it involves a claim under an alter ego theory:

> The Court agrees with the plaintiff that if the defendants were being sued as limited partners of the Texas limited partnership, their liability as limited partners would be determined by the Texas statutes governing limited partnerships. The defendants are not being sued as limited partners but under an alter ego theory. Since this claim does not relate to the lawful organization of the limited partnership, but is more akin to a business tort, application of Texas law is not required. Accordingly, the Court need not address whether the defendant's argument that the plaintiff failed to allege fraud [is] necessary for an alter ego claim under Texas law.

We disagree with the trial court.

Questions of statutory construction are reviewed de novo.[1] Where the statute is clear and unambiguous, the statute is to be enforced as written without the need for

---

[1] *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002).

further interpretation.[2] MCL 449.1901 is clear and unambiguous. The liability of limited partners is to be determined by the laws of the state under which the partnership is organized. The statute draws no distinction based on the theory upon which liability is to be imposed. This case involves a question regarding the liability to be imposed on a limited partner. The partnership was formed under Texas law. Therefore, Texas law controls the determination of the limited partner's liability.

Defendant goes on to suggest that we should affirm the trial court on the basis that, in light of the proper application of Texas law, defendant was still entitled to summary disposition. While that may very well be true, we decline to resolve the issue whether Texas law favors defendant's position because the trial court did not rule on the substantive application of Texas law to this issue. The trial court should be provided the initial opportunity to apply Texas law and determine whether defendant is entitled to summary disposition.

Accordingly, we reverse the trial court's grant of summary disposition in favor of defendant and remand the matter to the trial court to reconsider the grant of summary disposition in light of this opinion and in light of the applicable Texas law. We do not retain jurisdiction. No costs, neither party having prevailed in full.

[2] *Id.* at 63.