Markman, J.
(concurring). I write separately because I believe, contrary to the Court of Appeals, plaintiffs notice of intent is insufficient under MCL 600.2912b. Plaintiffs statement regarding proximate cause simply stated that “[h]ad [defendants] followed the standard of care ... [plaintiffs decedent] would not have sustained the cardiac arrest” that caused his death. This statement is similar to the one that this Court found deficient in Boodt v Borgess Med Ctr, 481 Mich 658, 560 (2008). “ ‘[I]t is not sufficient under [§ 2912b(4)(e)] to merely state that defendants’ alleged negligence caused an injury.’ ” Id. Rather, MCL 600.2912b(4)(e) requires the notice to state the “manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.”
Nonetheless, I concur in the result here because I believe defendant waived any objection to the notice by not raising an objection until the middle of trial. In Roberts v Mecosta Co Gen Hosp, 466 Mich 57, 67 (2002), this Court held that a defendant could effectively waive an objection to a deficient notice by failing to “invoke the pertinent statute of limitations after a plaintiff files suit.” MCR 2.111(F)(3) requires a party to “state the facts constituting” a statute of limitations defense in its answer or response to the plaintiffs complaint. By failing to properly invoke the statute of limitations until the middle of trial, I believe defendant has waived any objection.