# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN EDUCATION ASSOCIATION,

Respondent-Appellant,

UNPUBLISHED
May 22, 2018

v

VASSAR PUBLIC SCHOOLS,

Charging Party-Appellee.

No. 337899
MERC
LC No. 16-001867

Before: MURRAY, C.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Respondent, Michigan Education Association, appeals as of right the order of the Michigan Employment Relations Commission adopting the recommendation of an Administrative Law Judge and granting summary disposition to charging party, Vassar Public Schools, on the basis that the MEA violated the Public Employment Relations Act (PERA), MCL 423.201 *et seq*., by demanding to arbitrate a grievance that concerned a prohibited subject of bargaining. The MEA demanded arbitration after Vassar denied its grievances regarding Vassar's failure to recall a teacher, Jeffry Staple, who had been laid off. We affirm.

## I. FACTS

Vassar laid off Staple and six other teachers in July 2014. In August 2015, Staple informed Vassar that he was interested in an open first-grade teaching position in the district. Vassar openly posted the position on August 25, 2015.

Section 9.4 of the collective bargaining agreement provides a five-level grievance process to resolve disputes. At the fifth level, the grievance may be submitted to arbitration. However, the grievance process does not apply to "[e]valuation, layoff or recall of a teacher provided the district complies with board policy," or "[a]ny matters which are prohibited subjects of bargaining provided the district complies with Board policy."

On September 9, 2015, the MEA filed a grievance asserting that Vassar refused to recall Staple to an available position for which he was certified and qualified. The MEA asserted that Vassar had deprived Staple of a significant property interest in his employment without procedural due process and violated its duties under the CBA by refusing to return Staple to an available position. The MEA sought to have Vassar return Staple to a position for which he was certified and qualified to teach, and reimburse him for back pay and insurance premiums. Vassar

-1-

denied the grievance for three reasons: (1) Staple had been rated "minimally effective" and Board policy was to only recall "effective" teachers; (2) recall was within Vassar's sole authority under PERA; and (3) Vassar had reserved its right to direct layoffs and recalls.

The MEA subsequently filed a demand for arbitration on the basis of "[f]ailure to recall," and Vassar filed an unfair labor practice charge. Both parties filed for summary disposition before the MERC, which ultimately decided that the MEA committed an unfair labor practice by demanding arbitration concerning a prohibited subject of bargaining under the PERA.

## II. STANDARD OF REVIEW

When reviewing a decision from the MERC, this Court reviews de novo questions of law, including issues of statutory interpretation. *AFSCME Council 25 v Faust Pub Library*, 311 Mich App 449, 452; 875 NW2d 254 (2015). In the absence of a factual dispute, this Court will only set aside the MERC's rulings if they violate a constitution or statute, or if they involve a substantial and material error of law. *Id*. The MERC's findings of fact are conclusive if competent, material, and substantial evidence on the record supports them. *Id*. This Court reviews de novo preserved questions of constitutional law. *Saginaw Ed Ass'n v Eady-Miskiewicz*, 319 Mich App 422, 450-451; 902 NW2d 1 (2017). This Court also reviews de novo issues of statutory interpretation. *Pohutski v City of Allen Park*, 465 Mich 675, 681; 641 NW2d 219 (2002).

## III. ARBITRATION DEMANDS AS UNFAIR LABOR PRACTICE

The MEA argues that the MERC erred by finding that it committed an unfair labor practice by demanding to arbitrate its grievance because it did not contest that Vassar had the right to lay off Staple, but instead argued that Vassar's failure to recall him violated his right to due process. We reject that position because when a party demands to arbitrate a grievance that concerns a prohibited subject of bargaining, that party commits an unfair labor practice regardless of the legal theory the party advances to support its grievance.

"The primary obligation placed upon the parties in a collective bargaining setting is to meet and confer in good faith." *Detroit Police Officers Ass'n v Detroit*, 391 Mich 44, 53; 214 NW2d 803 (1974). When parties do not act in good faith, the enforcement mechanism is an unfair labor practice charge. *Id*. at 56-57. Parties must discuss mandatory subjects of bargaining. *Id*. at 55. However, while parties may discuss prohibited subjects of bargaining, demanding to bargain over a prohibited subject is an unfair labor practice. *Calhoun Intermediate Sch Dist v Calhoun Intermediate Ed Ass'n*, 314 Mich App 41, 49-50; 885 NW2d 310 (2016).

The PERA provides that certain subjects are "prohibited subjects of bargaining" and are "within the sole authority of the public school employer to decide." MCL 423.215(4). These subjects include "[d]ecisions . . . when conducting a recall from a staffing or program reduction[,] . . . any decision made by the public school employer pursuant to those policies, or the impact of those decisions on an individual employee or the bargaining unit." MCL 423.215(3)(k).

While the MEA argues that it was grieving Vassar's violation of Staple's right to due process, not its failure to recall him, the legal theory under which the MEA proceeds is

-2-

inapplicable. The MERC's exclusive jurisdiction over unfair labor practice claims "forecloses actions under other statutes or legal theories where the alleged wrongdoing raises an unfair labor practice issue." *Kent Co Deputy Sheriffs' Ass'n v Kent Co Sheriff*, 238 Mich App 310, 320; 605 NW2d 363 (1999).[1] Accordingly, regardless of MEA's legal theory of wrongdoing, the MERC was entitled to conclude that the MEA committed an unfair labor practice by demanding to bargain if the demand concerned a prohibited subject of bargaining. For reasons that will be discussed, the MERC did not err when it determined that the MEA's grievance concerned prohibited subjects of bargaining. Therefore, the MERC did not err when it found that the MEA committed an unfair labor practice by demanding to arbitrate its grievance.

## IV. PROHIBITED SUBJECTS OF BARGAINING

The MEA argues that its grievance did not concern prohibited subjects of bargaining under the PERA and that the MERC erred by applying law concerning MCL 423.215(3)(m) (concerning discharge) to a situation involving MCL 423.215(3)(k) (concerning recalls). The MEA also argues that Staple was constructively discharged. For several reasons, we conclude that the MEA's positions lack merit because regardless of whether Staple was discharged or was not recalled, the decision was a prohibited subject of bargaining under PERA and the MEA improperly pursued arbitration.

First, the MEA argues that Staple was not laid off, he was effectively discharged. Whether Staple was not recalled or was effectively discharged is immaterial because both decisions are prohibited subjects of bargaining.

The PERA provides that certain subjects are "prohibited subjects of bargaining" and are "within the sole authority of the public school employer to decide." MCL 423.215(4). In pertinent part, those subjects include:

> (k) Decisions about the development, content, standards, procedures, adoption, and implementation of the public school employer's policies regarding personnel decisions when conducting a staffing or program reduction or any other personnel determination resulting in the elimination of a position, when conducting a recall from a staffing or program reduction or any other personnel determination resulting in the elimination of a position, or in hiring after a staffing or program reduction or any other personnel determination resulting in the elimination of a position, as provided under . . . MCL 380.1248, any decision made by the public school employer pursuant to those policies, or the impact of those decisions on an individual employee or the bargaining unit.

\* \* \*

---

[1] An exception exists when there is a challenge to the layoff itself, in which a teacher's exclusive remedy lies with the courts instead of with MERC. *Baumgartner v Perry Pub Sch*, 309 Mich App 507, 528; 872 NW2d 837 (2015).

(m) For public employees whose employment is regulated by . . . MCL 38.71 to 38.191, decisions about the development, content, standards, procedures, adoption, and implementation of a policy regarding discharge or discipline of an employee, decisions concerning the discharge or discipline of an individual employee, or the impact of those decisions on an individual employee or the bargaining unit. . . . [MCL 423.215(3).]

To the extent that an employer improperly discharges an employee, "it commits an unfair labor practice and [the] MERC has exclusive jurisdiction over unfair labor practices." *Ranta v Eaton Rapids Pub Sch Bd of Ed*, 271 Mich App 261, 268-269; 721 NW2d 806 (2006).

The MEA cannot avoid the operation of PERA by arguing that Staple was constructively discharged rather than not recalled. If Staple was laid off and not recalled, MCL 423.215(3)(k) applies; if Staple was discharged, MCL 423.215(3)(m) applies. Regardless of whether either section applies, Vassar's decision concerned a prohibited subject of bargaining under MCL 423.215(4). While the parties may discuss illegal subjects of bargaining, any contractual provisions pertaining to the enforcement of illegal[2] subjects of bargaining are unenforceable. *Mich State AFL-CIO v Mich Employment Relations Comm*, 212 Mich App 472, 486; 538 NW2d 433 (1995), aff'd 453 Mich 362 (1996). An arbitration panel cannot issue an award when the parties do not have a duty to bargain over a subject. *Local 1277, Metro Council No 23, AFL-CIO v City of Center Line*, 414 Mich 642, 654; 327 NW2d 822 (1982). While parties may discuss prohibited subjects of bargaining, demanding to bargain over a prohibited subject is an unfair labor practice. *Calhoun Intermediate Sch Dist*, 314 Mich App at 49-50. By attempting to seek arbitration under the parties' CBA grievance procedure, regardless of whether Staple was discharged or not recalled, the MEA demanded to bargain over a prohibited subject of bargaining. The MERC did not commit a substantial and material error of law when it determined that the MEA committed an unfair labor practice.

Second, the MEA argues that it may demand arbitration under the parties' CBA because the CBA incorporated statutes, the Michigan and United States Constitutions, and Board policies. The MEA argues that PERA does not "insulate [Vassar] from violating the Constitution, other state law, and its own policies." According to the MEA, it must be allowed to challenge Vassar under the parties' CBA when Vassar violates anything incorporated into the contract.

Regardless of what provisions parties incorporate into their contract, those provisions may not violate PERA. Again, any contractual provisions pertaining to the enforcement of illegal subjects of bargaining are unenforceable. *Mich State AFL-CIO*, 212 Mich App at 486. To the extent that the MEA argues that Vassar improperly interpreted the meaning of "effective" in its own policy, the MEA challenges Vassar's decision about the implementation of the employer's policy regarding conducting a recall. PERA precludes bargaining on this issue.

---

[2] "Illegal subjects are synonymous with prohibited subjects." *Calhoun Intermediate Sch Dist*, 314 Mich App at 48 n 4.

MCL 423.215(3)(k).[3]  And to the extent that the MEA argues that Vassar improperly failed to recall Staple, the MEA challenges Vassar's decision about how the implementation of a recall policy impacted an individual employee.  Again, this is a prohibited subject of bargaining.  MCL 423.215(3)(k).  Any provision regarding an illegal subject of bargaining is unenforceable, *Mich State AFL-CIO*, 212 Mich App at 486, and the parties cannot demand to arbitrate such a provision, see *Local 1277*, 414 Mich at 654.  The MEA cannot demand arbitration on these issues because they are illegal subjects of bargaining.

To the extent the MEA argues that the MERC's decision violated Staple's due process rights because he was not provided with notice and a hearing before his effective discharge, this does not provide an independent basis for challenging Vassar's decision under the parties' CBA.  PERA's procedures regarding adjudication of unfair labor practices are sufficient to satisfy constitutional due process requirements.  *Ranta*, 271 Mich App at 268; *Detroit Bd of Ed v Parks*, 417 Mich 268, 283; 335 NW2d 641 (1983).  By complying with PERA, Vassar provided Staple with sufficient due process.

Third, the MEA briefly argues that Staple's effective discharge was arbitrary and capricious.  An argument that a layoff was arbitrary and capricious is essentially a claim that a teacher's layoff was a subterfuge for discharge.  *Summer v Southfield Bd of Ed*, 310 Mich App 660, 664; 874 NW2d 150 (2015).  Such claims were formerly decided by the MERC as unfair labor practices or, under limited circumstances, were decided by the State Tenure Commission (STC).  *Id*. at 668-669.  However, since the enactment of the Revised School Code, MCL 380.1 *et seq*., "the courts, not the STC or any other administrative agency, have jurisdiction over layoff-related challenges."  *Id*. at 670.  Accordingly, a challenge through the parties' CBA grievance procedure by an attempt to seek arbitration is not the proper place for a teacher to raise a challenge that a layoff of effective discharge was arbitrary and capricious—the proper place to do this is in the circuit court.

We conclude that the MERC did not commit a substantial and material error of law by concluding that the MEA committed an unfair labor practice when demanding to arbitrate these issues.  Accordingly, the MERC did not err when it granted summary disposition on the MEA's claim.

## V.  WAIVER

The MEA argues that the MERC erred by concluding that Vassar could not waive its right to avoid arbitration over a prohibited subject of bargaining and that its decision that Vassar

---

[3] Breaking MCL 423.215(3)(k) down into its component parts, it prohibits bargaining on three distinct things: (1) "[d]ecisions about the development, content, standards, procedures, adoption, and implementation of the public school employer's policies regarding personnel decisions when conducting . . . a recall . . ."; (2) "any decision made by the public school employer pursuant to those policies"; or (3) "the impact of those decisions on an individual employee . . . ."

could not do so undermined the parties' freedom to contract. The MEA's position misstates the MERC's holding. The MERC held as follows:

> A waiver of the Employer's statutory rights must be clear and unmistakable. . . . The language of § 9.4 of the collective bargaining agreement says nothing about waiver of the Employer's right to decline to participate in arbitration over a prohibited subject of bargaining.

The MERC went on to state that, even had the contract contained such language, it would have been an agreement concerning a prohibited subject of bargaining and thus unenforceable. We agree with the MERC that the parties' CBA did not waive Vassar's statutory rights.

Vassar has the statutory right to make decisions regarding the hiring, firing, and layoff of teachers in its sole discretion. See MCL 423.215(3). Under the CBA, Vassar reserved its right to "[d]irect the working forces, including the right to hire, promote, suspend and discharge employees, . . . and to lay off employees." "[W]aivers of statutory rights must be clear and unambiguous." *Saginaw Ed Ass'n*, 319 Mich App at 449. The MEA's assertions rest on the premise that Vassar impliedly waived its statutory rights by incorporating various laws into the parties' CBA. An implied waiver is by its very nature neither clear nor unambiguous. See *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 68-69; 642 NW2d 663 (2002) (stating that implications are not sufficient to constitute an intentional and voluntary relinquishment of a known right). Because Vassar did not clearly and unambiguously waive its statutory rights, and instead explicitly reserved those rights, the MERC did not err by concluding that Vassar did not waive its right to decline to participate in arbitration over a prohibited subject of bargaining.

Because there is no indication that Vassar actually attempted to waive its statutory rights under PERA regarding prohibited subjects of bargaining, it is unnecessary to address the MEA's separate argument that Vassar was legally entitled to do so. This Court will not rule on hypothetical questions. *AFSCME Council 25 v State Employees' Retirement Sys*, 294 Mich App 1, 7; 818 NW2d 337 (2011).

Affirmed.


/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra