# STATE OF MICHIGAN

# COURT OF APPEALS

RENEE LECLEAR-GAVIN,

        Petitioner-Appellee,

v

CITY OF GRAND RAPIDS,

        Respondent-Appellant.

UNPUBLISHED
March 24, 2016

No. 324933
Tax Tribunal
LC No. 14-005621

PATRICIA DENHOF,

        Petitioner-Appellee,

v

CITY OF GRAND RAPIDS,

        Respondent-Appellant.

No. 324934
Tax Tribunal
LC No. 14-005243

Before: GLEICHER, P.J., and MURPHY and OWENS, JJ.

PER CURIAM.

In these consolidated appeals,[1] respondent City of Grand Rapids (the city) appeals as of right the orders of the Tax Tribunal that denied the city's motions for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact) and that granted summary disposition in favor of petitioners under MCR 2.116(I)(2) (non-moving party entitled to summary disposition). The Tax Tribunal concluded that petitioners had been improperly charged nonresident city income tax on backpay and frontpay awards that the city had been paying petitioners pursuant to federal court judgments. We affirm.

---

[1] *LeClear-Gavin v Grand Rapids* and *Denhof v Grand Rapids*, unpublished order of the Court of Appeals, entered December 19, 2014 (Docket Nos. 324933 and 324934).

-1-

In a joint lawsuit filed against the city in the United States District Court for the Western District of Michigan, petitioners had alleged that they served as police officers for the city and had been removed from their employment in retaliation for filing a sexual discrimination lawsuit against the city in 2001. On December 13, 2004, petitioners received a jury verdict in their favor. Each petitioner was awarded $223,080 for backpay owed, $1,276,920 in frontpay, and $1 million in compensatory damages. The judgments provided that the frontpay was to begin to accumulate as of the date of the judgments, was to be paid bi-weekly at the rates of petitioners' respective job classifications, and was to be paid until the frontpay awards were fully satisfied subject to certain set-offs. Under the federal judgments, if either petitioner was reinstated to her former position or a substantially equivalent position, frontpay was to cease. The judgments further provided that both petitioners had a duty to mitigate their damages by making reasonable efforts to obtain comparable work.

The federal district court subsequently entered an order granting the city's motion for judgment notwithstanding the verdict (JNOV), concluding that petitioners had not established a claim for retaliation. The city had alternatively argued, in part, that remittitur was warranted. Addressing the merits, the federal district court concluded that remittitur would be appropriate with respect to the compensatory damage awards, and that the evidence had only supported an award of $350,000 for each petitioner. The United States Court of Appeals for the Sixth Circuit reversed the federal district court's grant of JNOV and reinstated the jury's awards of frontpay and backpay to petitioners. *Denhof v Grand Rapids*, 494 F3d 534 (CA 6, 2007). However, the Sixth Circuit agreed with the federal district court that the compensatory damage awards should be remitted to $350,000. *Id*. at 547.

On July 6, 2010, the federal district court entered an order clarifying the judgments. The court observed that the jury verdict was intended to "put [petitioners] in the same financial position they would have been in if they had continued their employment with the City." The federal district court stated that petitioners were to accrue holiday and sick pay and were "to be treated in the same manner as other employees." The city has chosen not to reinstate either petitioner, instead opting to make the frontpay awards.

With respect to tax years 2008 through 2012, the city deducted nonresident city income tax from the frontpay and backpay awards it paid to each petitioner. It is uncontested that neither petitioner lives within the city limits. The petitioners' protests and requests for a refund were denied. Petitioners then brought these actions in the Tax Tribunal. The city moved for summary disposition in both cases, arguing that petitioners were effectively being paid compensation for work performed in the city because the federal district court judgments were intended to place them in the same positions they would have been in but for the results of the federal litigation. According to the city, had petitioners not been removed from the police force, they would have had to pay nonresident city income tax.

The Tax Tribunal entered orders in both cases denying the city's motions for summary disposition and granting summary disposition in favor of petitioners, determining that because petitioners had not performed any work "in the city," they were not subject to the city's nonresident income tax. The Tax Tribunal ordered the city to provide refunds to petitioners of all income taxes paid. The city appeals as of right.

In *Briggs Tax Serv, LLC v Detroit Pub Schs*, 485 Mich 69, 75; 780 NW2d 753 (2010), our Supreme Court set forth the applicable standards of review, stating:

> The standard of review of Tax Tribunal cases is multifaceted. If fraud is not claimed, this Court reviews the Tax Tribunal's decision for misapplication of the law or adoption of a wrong principle. We deem the Tax Tribunal's factual findings conclusive if they are supported by "competent, material, and substantial evidence on the whole record." But when statutory interpretation is involved, this Court reviews the Tax Tribunal's decision de novo. We also review de novo the grant or denial of a motion for summary disposition. [Citations omitted.]

"The governing body of a city, by a lawfully adopted ordinance that incorporates by reference the uniform city income tax ordinance set forth in chapter 2, may levy, assess, and collect an excise tax on income as provided in the ordinance." MCL 141.503(1). With respect to nonresident individuals, MCL 141.613(a) provides:

> The tax shall apply on the following types of income of a nonresident individual to the same extent and on the same basis that the income is subject to taxation under the federal internal revenue code:

> (a) On a salary, bonus, wage, commission, and other compensation *for services rendered as an employee for work done or services performed in the city*. Income that the nonresident taxpayer receives as the result of disability and after exhausting all vacation pay, holiday pay, and sick pay is not compensation for services rendered as an employee for work done or services performed in the city. Vacation pay, holiday pay, sick pay and a bonus paid by the employer are considered to have the same tax situs as the work assignment or work location and are taxable on the same ratio as the normal earnings of the employee for work actually done or services actually performed. [Emphasis added.]

Grand Rapids Ordinance (GRO) § 141.613(a) contains language identical to that in MCL 141.613(a) regarding nonresident city income tax. And resolution of this appeal turns on the construction of that ordinal/statutory language. "[T]he rules governing statutory interpretation apply with equal force to a municipal ordinance." *Bonner v City of Brighton*, 495 Mich 209, 222; 848 NW2d 380 (2014). "When interpreting a statute, the primary goal is to give effect to the intent of the Legislature by construing the language of the statute[,] [and] [w]hen the plain and ordinary meaning of statutory language is clear, judicial construction is neither necessary nor permitted." *Pace v Edel-Harrelson*, __ Mich __, __; __ NW2d __ (2016); slip op at 6 (ruling that a whistleblower claim could not be based on reporting a *planned or intended* violation of a law where MCL 15.362 only spoke of protecting those who reported "a violation or a suspected violation of a law"). If statutory language is clear and unambiguous, the statute must be enforced as written, and we "may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

We find this to be a relatively easy and straightforward case. The pertinent ordinance/statute provides that a nonresident individual must pay tax "[o]n a salary, bonus, wage,

commission, and other compensation for services rendered as an employee for work done or services performed in the city." MCL 141.613(a); GRO § 141.613(a). Assuming that the backpay and frontpay awards constituted "compensation" under the ordinance/statute, it was simply not compensation for services rendered as an employee for work done or services performed within the city; petitioners have not been doing work or performing services as police officers. The city's argument requires reading language into the ordinance/statute that does not exist. The city wishes us to construe the language as encompassing compensation for work or services *that would have been* done or performed but for petitioners' removal from active employment. As our Supreme Court's recent decision in *Pace* makes abundantly clear, we cannot graft such language onto the ordinance/statute. The city presents a strained argument that because petitioners have not been terminated and technically remain employees, the backpay and frontpay awards can only be for work done or services performed in the city. This argument defies logic and reality – petitioners are not working or performing services. The backpay and frontpay awards reflect compensation for work and services that the city should have allowed petitioners to render or perform but have been prohibited from doing so.

The city contends that the backpay and frontpay awards are taxable under MCL 141.613(a)/GRO § 141.613(a) because of the introductory language in those provisions, which state:

> The tax shall apply on the following types of income of a nonresident individual to the same extent and on the same basis that the income is subject to taxation under the federal internal revenue code[.]

On the strength of this language, the city maintains that because petitioners do not dispute that the awards are subject to federal income tax, the awards must also be subject to the city nonresident income tax. The city misconstrues the introductory language, which quite clearly and simply means that the listed particularized types of income, which, as discussed above, did not encompass the backpay and frontpay awards, are to be taxed just like they would under the Internal Revenue Code (IRC); the language did not expand the types of income subject to tax to all income taxable under the IRC and beyond the income sources listed in the ordinance/statute.

The city also argues that petitioners are subject to the nonresident income tax because the frontpay and backpay awards were intended to place petitioners in the same financial position that they would have been in had they remained employed, and if the city chose to reinstate them, their salaries would be subject to the nonresident income tax. The city contends that, contrary to the federal court judgments and order, by not withholding the nonresident income tax, petitioners will in fact receive more money than if they had been reinstated. Although this may be true, it is entirely irrelevant, given that the only pertinent question is whether the ordinance/statute authorizes the collection of income tax from petitioners, the answer to which is "no." We cannot disregard and expand upon the plain and unambiguous legislative/municipal intent merely because the federal court judgments might suggest that the awards should be subject to the city income tax. The ordinal/statutory language requires us to presume that the city and Legislature intended not to include backpay and frontpay awards. That this means that persons in the position of petitioners might have a tax advantage over persons who were not subject to workplace discrimination is a policy decision to be left in legislative hands. *Mich*

*Basic Prop Ins Ass'n v Office of Fin & Ins Regulation*, 288 Mich App 552, 560; 808 NW2d 456 (2010).

Affirmed. Having fully prevailed on appeal, petitioners are awarded taxable costs under MCR 7.219.

/s/ Elizabeth L. Gleicher
/s/ William B. Murphy
/s/ Donald S. Owens